DOULON *et ux.* v. THE CITY OF CLINTON.

Corporation municipal: SIDEWALKS: NEGLIGENCE. The mere existence of a defect in a sidewalk of a city, not resulting from defective construction, is not sufficient to establish negligence on the part of the corporation, and, in order to render it liable for an injury caused thereby, express notice of the defect must be brought home to it, or the defect must have been so notorious as to be observable by passers by.

*Appeal from Clinton District Court.*

SATURDAY, FEBRUARY 24.

ACTION for damages for alleged injuries to Bridget Doulon, from defective sidewalks in the city of Clinton. Trial by jury, verdict and judgment for plaintiffs. Defendant appeals.

*Walter I. Hayes* and *J. H. Flint* for the appellant.

No appearance for the appellees.

MILLER, J. — I. It is alleged in the petition that the defendant is a municipal corporation, duly organized under the laws of Iowa, and that by virtue thereof it is charged with the duty of keeping in repair all sidewalks within the corporate limits ; that without fault of plaintiff, and by reason of the negligence of the defendant, she was thrown on the sidewalk on Second street, between Third and Fourth avenues, and severely injured by reason of a broken and loose board therein unknown to her ; that, on the corner of Seventh avenue and Second street, she was again thrown without fault or negligence on her part, and by reason of the negligence of the city in failing to keep the sidewalk in proper repair, in permitting large spikes to protrude through the same, whereon plaintiff's garments were caught, causing her to fall and be seriously injured. Both injuries it is alleged were in October, 1869.

The answer admits the corporate capacity of the defendant, and denies all the other facts alleged.

Errors are assigned to the giving and refusal of instructions, to the exclusion of evidence, and that the verdict is not sustained by the evidence. In the view he shall take of the case, the last error assigned will be alone examined.

Whether the plaintiff, Mrs. Doulon, sustained any injury whatever from the defects complained of in the sidewalks of the city may well be doubted on the evidence in the case.

Conceding, however, that she did sustain injury from the causes alleged, the mere fact of injury having been suffered is not enough to establish the allegation of negligence on the part of defendant. *Gandy* v. *The Chicago & North Western Railway Co.*, 30 Iowa, 420. See, also, Shearman & Redfield on Negligence, p. 3, § 5, and cases cited in note 1. Before the defendant would be liable, it should be shown that the injury was caused by the *negligence* of the city, in failing to keep its sidewalks in reasonably safe

condition, and proof of injury alone is not presumptive evidence of negligence. See same cases.

Before the defendant can be held guilty of negligence, on account of defects in the sidewalks (not arising from their original construction), or for an obstruction placed thereon by a wrong-doer, either express notice of the existence of the defect or obstruction must be brought home to it, or they must be so notorious as to be observable by all. *Mayor, etc., of N. Y.* v. *Sheffield,* 4 Wall. 189 ; *Griffin* v. *Mayor et al. of N. Y.,* 9 N. Y. 456 ; *Vandyke* v. *Cincinnati,* 1 Disney, 532 ; *Howe* v. *Plainfield,* 41 N. H. 135 ; *Bardwell* v. *Jamaica,* 15 Vt. 438 ; *Prindle* v. *Fletcher,* 39 Ill. 255 ; *Lobdell* v. *New Bedford,* 1 Mass. 153 ; *Reed* v. *Northfield,* 13 Pick. 94 ; *Bigelow* v. *Weston,* 3 Ill. 267 ; *Manchester* v. *Hartford,* 30 Conn. 118 ; *McGinty* v. *Mayor, etc., of N. Y.,* 5 Duer, 674 ; *Dewey* v. *Detroit,* 15 Mich. 307 ; *Montgomery* v. *Gilmar,* 33 Ala. (N. S.) 116 ; *Hart* v. *Brooklyn,* 36 Barb. 226 ; Shearman & Redfield on Neg., §§ 407, 408, 146 ; *Hutson* v. *The Mayor, etc., of N. Y.,* 9 N. Y. 163 ; *Mayor, etc., of N. Y.* v. *Furze,* 3 Hill, 612 ; *Goodnough* v. *Oshkosh,* 24 Wis. 549. See, also, *Rowell* v. *Williams,* 29 Iowa, 210.

Negligence must be affirmatively shown, and the mere existence of a defect in the sidewalk is not enough to establish negligence on the part of the corporation. It must in some way be connected with the defect, either as having directly caused it, or having assented to its creation by another, or as having, with a knowledge of its existence, permitted it to remain. See *Hart* v. *Brooklyn, supra.*

The jury in this case was charged in substantial compliance with the above rules, and it seems manifest, upon this view of the law, that the verdict is not supported by the evidence.

The first injury complained of, plaintiff testifies, was on Second street, near the Revere House, and consisted in being tripped by a broken plank in the sidewalk. She says that

two men who were passing stepped on one end of the plank and the other end flew up and struck against her legs. She was going to church at the time. She went right on and did not think she was hurt; and there is no evidence whatever that she was hurt in the least degree, or that she fell.

The plaintiff's two daughters testify to the same facts. But one other witness for the plaintiff testifies to the existence of this broken plank — Mrs. Williams, a sister of Mrs. Doulon. None of them, nor any witness for the plaintiff, states how long the plank remained in a broken condition without repair, whether for an hour, a day or a month, while a large number of witnesses of high respectability testify that they were in the habit of passing over this walk daily, to and from their business, and never discovered the broken plank at all, and the only evidence that the city or any of its officers had any knowledge of the defect in the walk is that of the street commissioner, who testifies that he was over the walk every day in the fall of 1869 (the time the accident occurred); that the walk was a good one generally; that in passing he noticed the broken plank and *immediately* repaired it; that it existed probably only a part of a day; that it could not have existed to exceed one or two days, and that his attention had not been called to it until he discovered it himself, and at once repaired it.

There is no claim or pretense that any officer of the city, except the street commissioner, had notice of the defect, and he was prompt and diligent in repairing it. Neither does the evidence tend in any degree to show that the defect existed for such a length of time as to become notorious to all passers by, but the contrary very satisfactorily appears from all the evidence.

II. The plaintiff testifies, in respect to the second alleged injury, that some weeks after the first one she was going down Second street to the cars, with her babe in her arms;

that as she stepped off the sidewalk on the corner of Seventh avenue on to an apron leading into Seventh avenue, she caught the second hoop in her skirt on two spikes sticking up about one inch in the apron, which tripped her and threw her down.

Mary Doulon, plaintiff's daughter, testifies that on this occasion her mother's hoop-skirt caught on a spike in the apron leading into Seventh avenue from the sidewalk and threw her down.

William Atcheson testified that he saw the plaintiff fall, and that her dress caught on a spike which threw her down.

This is all the evidence whatever of the existence of the protruding spikes. There is no evidence that they protruded at any time except at this particular time, or that the city had any knowledge of their existence or condition. On the other hand, it is stated by the person who built the apron that it was well built, that he saw it every day repeatedly afterward, during the fall of 1869, and that he never saw any spikes protruding; and eight other witnesses who were in the habit of passing over this apron every day, all swear that it was well built, and that they never saw any spikes or nails protruding. So that in respect to this alleged defect, also, if any existed, it is not shown that any of the city officers had knowledge of it, or that it existed for such a length of time as that knowledge could be presumed. In a word, no negligence, on the part of the defendant, has been shown. There is an entire absence of evidence of any negligence, which is the gist of the action. The verdict should have been for the defendant. Having been for the plaintiff it should have been set aside. Rev., § 3112; *Jourdan* v. *Reed*, 1 Iowa, 135; *Stewart* v. *Ewbank*, 3 id. 191; *McKay* v. *Thorington*, 15 id. 25.

Reversed.