## WORTHINGTON v. OLDEN et al.

1. Practice: PRESUMPTIONS IN FAVOR OF RULINGS BELOW. If there be several grounds upon which a ruling complained of may have been made, all of which, except one, are insufficient to support it, the supreme court will, on appeal, presume it to have been made on the ground which authorized the action of the court.

2. ―― NEW TRIAL. To justify interference with an order of the trial court setting aside a verdict because not supported by the testimony, there must be such a preponderance of evidence in support of the verdict as will satisfy the appellate court that injustice has been done.

*Appeal from Buchanan District Court.*

WEDNESDAY, APRIL 26.

ACTION upon a promissory note executed September 26, 1857, by a firm of which defendants and one D. S. Lee were partners. The note became due three months after its date. The petition alleges that, on the 17th day of February, 1859, plaintiff and defendants entered into a contract whereby the time of the payment of the note was extended one year from that date. The contract is set out in the petition. Appellees in their answer aver that the contract for the extension of the note was executed by Lee, without their knowledge or consent, and after the dissolution of the firm; that they never ratified the contract; that plaintiff knew of the dissolution of the firm when the contract was executed, and that it, in fact, was never delivered to plaintiff, but came into his hands wrongfully.

The statute of limitations is pleaded in the answer as a bar to the action.

There was a verdict for plaintiff which on motion of defendants was set aside as to the appellees. Judgment was entered upon the verdict against Lee, who was joined as a defendant. From the order granting a new trial as to appellees, plaintiff appeals.

*Boies, Allen & Couch* for the appellant.

*James Jamison* and *J. S. Woodward* for the appellee.

BECK, J. — The motion for a new trial is based upon alleged errors in the rulings of the court upon the instruc-

1. PRACTICE: presumptions in favor of rulings below.

tions, the failure of the jury to answer certain questions propounded to them, and the alleged conflict of the verdict with the evidence. It does not appear upon which of these grounds the new trial was ordered. The first and second grounds, in our opinion, are not supported by the record. We can not presume that, upon these, the verdict was set aside. We must exercise presumptions in favor of the correctness of the ruling of the court. If there be several grounds upon which a ruling may have been based, all except one, insufficient to support it, we will presume it to have been based upon the one which authorizes the action of the court. So, if, among several insufficient grounds, one should not appear insufficient, but, under certain conditions that may have existed, would have been sufficient, we are required to presume that the ruling was based upon that one.

2. — new trial.

Under this rule, it must be considered that the verdict was set aside because the court considered that it was not supported by the evidence. We are not satisfied, that the court, basing the decision upon this ground, abused the discretion which the law provides shall be exercised in such cases. The evidence upon the

issues raised by the answer was conflicting, with no such preponderance in favor of the verdict, which forbids the conclusion that the learned judge did not fairly exercise the discretion with which the law clothes him. To authorize us to reverse the ruling of the district court, there should appear such conclusive preponderance of evidence in support of the verdict as would satisfy us that injustice has been done by the ruling. *Jourdan* v. *Reed*, 1 Iowa, 135 ; *Stewart* v. *Ewbank*, 3 id. 191; *State* v. *Tomlinson*, 11 id. 401 ; *Lodge* v. *Reznor*, 13 id. 600 ; *Whitney* v. *Blunt*, 15 id. 283 ; *McNair* v. *McComber*, id. 368.

But the record fails to produce in our minds such a conviction. We are required, therefore, to sustain the action of the district court.

Affirmed.