## CRAMER v. THE CITY OF BURLINGTON.

1. **Negligence:** EFFECT OF CONTRIBUTORY: INSTRUCTION. In an action to recover damages for injuries caused by a defective sidewalk, the jury may properly be instructed to consider all the circumstances under which the injury occurred, as well as the condition of plaintiff· at the time, in determining whether by his own negligence he contributed thereto.

2. ———: NOTICE OF DEFECTIVE SIDEWALK: CITY. The knowledge of two or more citizens that a sidewalk is in a dangerous condition, is not notice thereof to the city. To render it liable for resulting injuries, it must either have express notice of a defect not in the original construc-· tion, or the fact of such defect must be notorious. (*Doulon v, The City of Clinton*, 33 Iowa, 397.)

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 7.

THIS action is brought by the plaintiff to recover damages for personal injuries received by him by falling from a sidewalk, negligently and defectively constructed and negligently left out of repair. The answer denied the negligence alleged and avers that the defendant's injuries were caused by his own carelessness and negligence. The cause was tried to a jury, who rendered a verdict for plaintiff, on which judgment was rendered. Defendant appeals.

*Stutsman & Trulock,* for appellant.

*Newman & Blake,* for appellee.

MILLER, CH. J.—On the trial there was evidence tending to prove that the plaintiff and other parties in a company together were, on the night of the injury, out on the streets of the city at a late hour of the night, going from one saloon to another, drinking "beer, wine and soda water" frequently; that the injury occurred near to the last saloon (Smith's) at which the parties had been drinking, and immediately after leaving the last saloon, and between twelve and one o'clock at night. The injury complained of was caused by the plaintiff falling from a high sidewalk, at a place where there was an offset in the walk. The night was very dark, and the street lamps had been extinguished. As applicable to these facts, defendant requested the court to give the jury the following, among other instructions: "If the plaintiff, by his own negligence, approximately contributed to his own injury, then the defendant is not liable in this suit. In determining the question of negligence on the part of the plaintiff, it will be proper for the jury to take into consideration the hour of the night the injury was received, and the business calling plaintiff to Smith's saloon; the darkness of the night, and all the facts and circumstances connected with his visiting said saloon, and whether or not

1. NEGLI-GENCE: contributory: instruction.

the plaintiff was under the influence of intoxicating liquors." The court refused to so instruct the jury, and this ruling is assigned as error.

It is difficult to see why this instruction was refused. It was not given in substance in any part of the charge of the court, and it certainly ought to have been given. The rule of law embodied in the instruction, namely, that the plaintiff is not entitled to recover if his own negligence contributed to produce the injury, is settled long since in this state, and has been announced so frequently that a reference to the cases is unnecessary.

That in determining whether the plaintiff had contributed to the injury by his own negligence, it was proper for the jury to take into consideration all the facts and circumstances enumerated in the instruction, there can be no doubt. From all the facts and circumstances named, the question of the plaintiff's negligence or care was to be ascertained. If the jury should find from the evidence that plaintiff was so much under the influence of intoxicating liquors as to become careless or reckless in regard to his own safety, and that his injury was caused, or contributed to, by such carelessness or recklessness, he would not be entitled to a verdict. The darkness of the night made it necessary for the plaintiff to be more careful than if it had been light, and should have been considered by the jury. While the corporation is properly held liable for injuries to persons resulting from negligence on the part of the city in permitting or maintaining dangerous or unsafe walks, it is not liable for injuries sustained by a person while engaged in and resulting from a drunken midnight carousal upon its streets.

These facts were not only withheld from the jury, but the court, in an instruction given at request of plaintiff, said to them that, "being out at twelve or one o'clock at night is not evidence of negligence on part of plaintiff." This single fact alone, perhaps, would not be evidence of negligence, but in connection with the other facts shown by the testimony,—the darkness of the night, the fact that the plaintiff was one of a party going from one saloon to another, drinking frequently

in the course of a few hours, etc.,—was evidence proper to be considered by the jury in determining whether or not the plaintiff, by his own want of care, contributed to the injury.

II. In the third instruction, given by the court on its own motion, the jury are instructed that, if "*two or more citizens of the city* knew of the dangerous condition" of the sidewalk in question, such knowledge would be notice to the city. This is the substance of the instruction in this particular. Before the defendant can be held guilty of negligence, on account of defects in the sidewalks, (not arising from their original construction), or for an obstruction placed there by a wrong-doer, either express notice of the defect or obstruction must be brought home to it, or they must be so notorious as to be observable by all. *Doulon v. The City of Clinton*, 33 Iowa, 397, and cases cited. In order to make the city liable, there must be something more shown than the existence of the defect and the injury. It must in some way be connected with the defect, either as having directly caused it, or having assented to its creation by another, or as having, with a knowledge of its existence permitted it to remain. Ibid.

The instruction announces a doctrine in conflict with these authorities, and, in our opinion, is not sustained upon principles of justice and reason. See, also, *Donaldson v. Boston*, 16 Gray, 508, where it is directly held that notice to citizens is not notice to the corporation.

The only case we have found sustaining the instruction is *Mason v. The Inhabitants of Ellsworth*, 32 Maine, 374. This case, however, stands alone and in opposition to the current of authority on this point.

The judgment of the court below must be

REVERSED.