CRAMER v. THE CITY OF BURLINGTON.

1. **Evidence**: NEGLIGENCE: SIDEWALK. In an action against a city for damages on account of injuries caused by the negligent condition of a sidewalk, evidence tending to show that its condition has been improved subsequent to the accident is not admissible as an admission of negligence by the defendant.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, APRIL 18.

THIS is an action for personal injuries sustained by plaintiff by falling from a sidewalk which he alleges was negligently and improperly constructed, and negligently permitted by defendant to remain out of repair. The answer denies the

alleged negligence, and avers that plaintiff's injuries were received by reason of his own negligence. There was trial by jury, verdict and judgment for plaintiff. Defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Blake & Hammack*, for appellee.

ROTHROCK, J.—I. This cause has been already twice before this court upon appeals by defendant. See 39 Iowa, 512, and 42 Id., 315. In both of the former appeals the judgment was reversed because of errors in the instructions of the court to the jury. In the present appeal it is urged that the court below erred in admitting improper evidence, and erred in the instructions given to the jury, and in refusing to give certain instructions asked by defendant.

The plaintiff was injured by falling from an offset in a sidewalk, in the night time. This offset had been protected by a board, one end of which was nailed to the corner of a building, and the other end nailed to a post. No one saw the plaintiff fall. He left a saloon, close by the offset in the sidewalk, and was shortly afterwards found, badly injured, having fallen off the sidewalk at the offset to the ground below, a distance of eight or ten feet. The plaintiff was not examined as a witness upon the trial, it being alleged that his mind was so impaired by the accident as to render him incapable of giving testimony. The evidence in the case was largely directed to the condition of the barricade or protection at the offset, at the time of, and before the accident. The main contest was as to whether the protection was reasonably safe and sufficient, or whether it was of such an insufficient and unsafe character as to render the city liable for negligence.

Upon the second trial of the cause the plaintiff called as a witness one G. S. Grant, who had been a juror upon the first trial, and who at that time as such juror examined the sidewalk, and asked him to state the condition of the sidewalk at the place where the board was nailed across from the post to the building. Objection was made to showing the condition of the sidewalk at a time long subsequent to the accident.

The objection was overruled and the witness was permitted to answer the question, upon the statement of the plaintiff's counsel that he expected to show that the condition of the sidewalk when examined by the witness was the same as when the accident occurred. We held that in this action of the court there was no error. Upon that appeal the abstract did not show that it contained all the evidence, and it was held proper to presume that the offer was performed, or at all events, as the testimony was properly admitted under the said offer of plaintiff, defendant should have asked that it be stricken out, if during the trial proper facts for its retention were not shown. 42 Iowa, 315.

At the last trial the plaintiff introduced as a witness one Henry Stensbeck, who testified that he was a juror upon the 1. EVIDENCE: first trial of the cause, and at that time made an negligence: examination of the place where the accident sidewalk. occurred, and he was asked how the board was fastened at the time of the first trial. The answer was: "Well, it was nailed up different from before; it was nailed up with a block where the board was nailed on."

Objection was made to the question and answer, because the after condition of the barricade, whether put up more securely or otherwise, was incompetent to show, or tend to show, negligence in the city, as to the condition of the sidewalk at the time the accident happened. The objection was overruled, and the witness was permitted to further answer as to the condition of the protection at the time of the first trial, showing that it was then more securely fastened than at the time of the accident. We think this ruling of the court was erroneous. Counsel for appellee contend that the fact that a change was made, "is very strong evidence that the parties making the change thought there was something the matter with it."

This evidence must have been received and considered as an admission upon the part of the city that there was negligence in the manner the sidewalk was protected at the time of the accident. Conceding that the act or declaration of an officer of a municipal corporation, made about a matter within the

scope of his official authority, may be evidence against the city, yet it is well settled that such act or declaration must be contemporaneous with the injury complained of, and part of the *res gestæ*. This rule is applicable, also, to private corporations, and to all cases where it is sought to charge a party by the acts or declarations of his agent or employe. See *Treadway v. The S. C. & St. P. R. Co.*, 40 Iowa, 526, and authorities there cited.

In view of the fact that this cause has already been tried three times in the court below, we have endeavored to find some ground upon which this ruling can be sustained, but are unable to do so. It cannot be said to be so unimportant a fact as to be error without prejudice. We can well believe if counsel for appellee urged before the jury that the fact that the barricade or protection was made more safe and secure after the accident should be taken as an admission that it was at the time of the accident unsafe, it did have a material bearing with the jury in determining an important question in the case. That such claim was made in the court below we assume from the fact that it is made here. In view of a re-trial of the case we have carefully examined all the other assignments of error and the argument in support therof, and are of opinion that the rulings of the court were correct. It is unnecessary to enumerate or discuss them here.

For the error in the admission of the evidence as to the condition of the sidewalk at the time of the first trial, the judgment will be

REVERSED.

### SUPPLEMENTAL OPINION.

ROTHROCK, J.—After the foregoing opinion was filed, and within the proper time, appellee filed a petition for re-hearing. An additional abstract of the evidence was filed at the same time, from which it appears that the objectionable testimony was admitted upon the statement of plaintiff's counsel that they expected to prove the condition of the protection to the sidewalk was the same when examined by the witnesses as it was at the time of the accident. The additional abstract also

contains evidence tending to show that the condition of the protection was not changed.

It is perhaps unfortunate for the plaintiff that we did not have this additional abstract before the submission of the cause in this court. It is sufficient to say that we cannot consider it upon a re-hearing. When a cause is finally submitted to the court upon an abstract which is satisfactory to the parties, the unsuccessful party cannot be allowed to present an additional abstract upon the re-hearing.

REVERSED.