TUFFREE v. THE INCORPORATEDTOWN OF STATE CENTER.

1. **Damages:** PERSONAL INJURIES: CONTRIBUTORY NEGLIGENCE. Plaintiff, while riding in a buggy in one direction and looking and talking to persons in the other direction, drove into a child's swing suspended between the sidewalk and the traveled portion of the street, and was thrown out and injured. *Held*, that such person was guilty of contributory negligence and could not recover for the injury.

*Appeal from Marshall District Court.*

MONDAY, DECEMBER 19.

ACTION to recover for a personal injury. The plaintiff avers

that the defendant negligently suffered one of its streets to become obstructed, and that she was thrown from a buggy by reason of the obstruction and received an injury.

The defendant denies all negligence upon its part, and avers that the plaintiff's injury, if she received any, was the result of her own negligence.

There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*James Allison* and *Brown & Binford*, for appellant.

*John M. Parker* and *O. Caswell*, for appellee.

ADAMS, CH. J.—Evidence was introduced tending to show that the plaintiff was riding in a buggy, with another lady, upon one of the streets of State Center; that while so riding she paused at the house of a friend, having driven near the gate in front of the house; that a few feet in front of the horse where she stopped a child's rope swing was suspended from the limb of a tree; that the plaintiff after starting to resume her journey drove against the swing; that it caught upon a projecting knuckle of the buggy top, and caused the buggy to be tilted, whereby the plaintiff was thrown out and received the injury of which she complains.

*1. DAMAGES: personal injuries: contributory negligence.*

The jury made certain special findings which were in substance that the swing was at the side of the street near the sidewalk, and between the sidewalk and the traveled portion of the street; that it was daylight at the time, and the swing was in plain view in front of the plaintiff's horse, and only a few feet ahead when she started; that she had seen the swing but drove so close to it that it caught upon the buggy, whereby the buggy was stopped and partly overturned.

Notwithstanding these findings the jury rendered a general verdict for the plaintiff.

They must have done so, we think, under the supposition that there was some circumstance which was sufficient to ex-

cuse the plaintiff in driving against the swing, when the same was directly before her and in plain sight.

It cannot be said of course that she was excusable because the swing was not apparently a dangerous object. If it was not apparently dangerous, then the town was not guilty of negligence in suffering the swing to be there.

It seems probable that the jury must have found that the plaintiff's attention was diverted at the time she drove against the swing, and that she was excusable upon that ground.

Upon looking into the charge of the court, we find an instruction given upon the theory that the jury might find that the plaintiff's attention was diverted when she drove against the swing, and that she was not, therefore, guilty of contributory negligence.

The jury were instructed that they might consider the presence of other ladies with whom the plaintiff was conversing, and all the surrounding circumstances, and that if she knew that the swing was there, or might have known it by the exercise of ordinary care, under all the circumstances, and she negligently drove into the swing, she could not recover. One of the circumstances which the court seems to have thought might have been sufficient to excuse the plaintiff, or at least which was to be considered with that view, was the presence of other ladies with whom she was talking. The instruction was excepted to and the giving of it is assigned as error. The question presented is as to whether the presence of other ladies with whom the plaintiff was talking had any tendency to excuse her. In our opinion it had not.

It was held, it is true, in *Greenleaf v. Dubuque & Sioux City R. R. Co.*, 33 Iowa, 59, that an employe of a railroad company is not necessarily guilty of contributory negligence in not avoiding a known and plainly visible danger. It was thought that the jury might find that he was not, if the service which he was performing at the time required his exclusive attention. But in our opinion we could not sanction the

instruction given in the case at bar, without going much further than the court went in that case. The plaintiff was manifestly not obliged to resume her journey until she had finished her conversation. When a person undertakes to drive a horse in one direction while looking and talking in a different direction, and no special exigency is shown, such person, we think, voluntarily assumes the risk of driving against whatever obstacles may be in the way, and cannot be said to be in the exercise of due care, especially when outside of the usually traveled part of the highway, and in the vicinity of a dwelling house where more or less obstacles are liable to be found. In our opinion the court erred in giving the instruction.

REVERSED.