## CRESSY v. TOWN OF POSTVILLE.

1. **Cities and Towns:** DEFECTIVE SIDEWALKS: INSTRUCTION. Where plaintiff sought to recover damages for injuries sustained by her from stepping into a *hole* in a broken sidewalk, at a place which was free from snow and ice, and the evidence showed that the injury resulted wholly from a fall caused by plaintiff's stepping into a hole, it was error to instruct the jury that the defendant was liable for injuries resulting from plaintiff's stepping on the *ice* on the sidewalk. Such instruction was clearly misleading and prejudicial, as directing the jury to consider matters not found in the petition or evidence.

2. ———: ———: CONTRIBUTORY NEGLIGENCE. Ordinary care is to be used at all times and in all places in using sidewalks, and if, by the exercise of such care, the hole in question could have been discovered by plaintiff, she cannot recover for injuries resulting to her from stepping into it.

### *Appeal from Alamakee District Court.*

### THURSDAY, JUNE 15.

ACTION to recover for personal injuries sustained from a fall upon a sidewalk along a street of the town. The petition is in the following language:

"The defendant is an incorporated town in Allamakee county, Iowa. That long prior to the 23d day of February, 1879, there was constructed along the south side of Tilden street, within said town, a sidewalk, the same being placed one foot from the fence, on the south line of said street, leaving a space of one foot between the fence and the sidewalk and about eight inches to fourteen inches deep, and defendant had negligently suffered said sidewalk to become broken and to remain broken, and that for a long time prior to February 23d, 1879, there was a hole ten inches wide and twelve inches long, and from eight to fourteen inches deep, broken through said sidewalk, and that for more than three months prior to February 23d, 1879, defendant and its officers had due notice of the existence, character and dangerous location of said hole through said sidewalk, and neglected to repair

the same; that defendant suffered ice and snow to accumulate along the center of said sidewalk, rendering the center of said sidewalk, on the 23d day of February, 1879, almost impassable; that on the night of February 23d, 1879, in walking along said side walk, in consequence of the negligence of the defendant in leaving said space, between the said sidewalk and fence, and suffering the same to remain broken, and snow and ice to accumulate, the plaintiff, without any negligence or want of care on her part, stepped through said hole in the sidewalk, was thrown down into the space between the walk and fence, and was seriously and permanently injured, suffering great pain, physical and mental, and rendered unable to perform labor of any kind; and claiming damage in the sum of five thousand dollars."

The answer denies the allegations of the petition and avers that the accident was caused by plaintiff's negligence.

There was a verdict and a judgment rendered thereon for plaintiff.   Defendant appeals.

*S. S. Powers* and *L. E. Fellows*, for appellant.

*Robert Quigly* and *L. O. Hatch*, for appellee.

BECK, J.—I.   The District Court at the trial of the case gave the jury an instruction in the following language:

"5.   If the defendant suffered snow to accumulate on its sidewalk and to become packed in ridges and so to remain an unreasonable time and become ice, and the sidewalk thereby became dangerous to pedestrians, and if this condition of the sidewalk was actually known to the town authorities, or if it had existed so long that it should have been known, and may reasonably be presumed to have been known to the authorities; or if such condition had become publicly notorious, and had existed after such actual or presumptive knowledge or public notoriety long enough to give time to remove the snow and ice, then the defendant did not use ordinary care, but was guilty of negligence in respect to the sidewalk.

"And if, under either of such circumstances of negligence on the part of the defendant, the plaintiff, in the exercise of ordinary care, *stepped on the ice* on the sidewalk and was *injured thereby*, the defendant is liable to her in damages for such injuries."

This instruction ought not to have been given for two reasons.

1. So far as it holds defendant liable for injuries resulting from her stepping upon the ice upon the sidewalk, it is not pertinent to the cause of action set out in the petition, which is for injuries sustained by plaintiff stepping in a hole in the broken sidewalk at a place which was free from snow and ice. The thought of the petition seems to be, that plaintiff found it necessary or convenient in order to avoid the snow and ice to go upon the side of the walk which was defective on account of the hole therein. There is no claim that the injury resulted from stepping on the ice.

2. The evidence does not show that the injury directly resulted from the snow and ice; on the contrary it does show that it resulted from a fall caused by plaintiff stepping into a hole. The instruction is clearly misleading and prejudicial, as the jury were directed to consider matters not found in the petition or evidence.

II. Another instruction, given to the jury, is in the following language:

"15. If you find from the evidence that the center of the sidewalk was icy and slippery, and the space between such strip and the edge of the walk was free from ice and was wide enough to allow one to safely walk thereon, the plaintiff, without previous notice of any defect in such space, had the right to assume that it was free from dangerous breaks or holes, and ordinary care on her part did not require her to be on the lookout for such breaks or holes."

This instruction holds, in effect, that the plaintiff when going upon the side of the walk was not required to exercise care to avoid stepping into the hole—the language of the in-

struction being that "ordinary care on her (plaintiff's) part did not require her to be on the lookout for such holes or breaks." The law is that if the hole could have been discovered by the exercise of ordinary care plaintiff could not have recovered for injuries resulting from stepping into it. Ordinary care is to be exercised at all times and in all places by persons using sidewalks. Surely it cannot be claimed as a matter of law that the plaintiff, finding she could not safely go in the middle of the walk, could use the side of it without being "on the lookout for such breaks and holes." The most that can be claimed is that possibly it could have been left to the jury to say whether ordinary care required plaintiff, while upon the side of the walk, "to be on the lookout for such breaks and holes."

Other questions discussed by counsel need not be considered, as for the error in giving the instruction above quoted the judgment of the District Court must be

