W. A. SMITH, Appellee, v. THE CITY OF SIOUX CITY, IOWA, Appellant.

Action for Personal Injury: DEFECTIVE SIDEWALKS: VERDICT HELD NOT EXCESSIVE.   Evidence considered and held sufficient to support a verdict of $6,000 damages for plaintiff's injuries, and in view of the nature, extent and permanency of same the amount is not excessive.

Same: NOTICE OF DEFECTS: NEGLIGENCE: JURY QUESTIONS: EVIDENCE Where a city is charged with the duty of maintaining its streets in a reasonably safe condition for public use, it is held to have notice of dangerous defects in a sidewalk, especially where they arise from long use and decay so that by the exercise of reasonable care such defects might have been discovered, and this presents a question of fact and not of law. Evidence considered.

Voluminous Instructions: NOT ERROR.   The fact that a charge to the jury might have been separated into shorter and more compact paragraphs does not constitute error.

Future Pain and Suffering: JURY MAY CONSIDER: EVIDENCE The jury may take into consideration future pain and suffering in estimating the damages, if from the whole evidence such will be the result of the injury, though no witness testifies that pain and suffering will continue, or for what length of time.

Amendment of Petition: INCREASING AMOUNT CLAIMED.   In the absence of a showing of abuse of discretion in permitting the same, the plaintiff may amend his petition during the trial, increasing the amount of damages claimed.

*Appeal from Woodbury District Court.—*Hon. J. F. OLIVER, Judge.

TUESDAY, JANUARY 20, 1903.

ACTION to recover damages on account of alleged personal injuries. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. N. Weaver* for appellant.

*F. E. Gill* for appellee.

WEAVER, J.—Plaintiff charges the defendant with negligence in permitting a certain sidewalk to become and remain in a rotten and dangerous condition, and alleges that while passing over said walk, in the exercise of reasonable care on his part, he was, by reason of the rotten and defective condition of the walk as aforesaid, tripped and thrown violently to the ground, and thereby received very severe injuries. The defendant denies the claim, and especially denies all allegations of negligence. In the original petition the damages demanded were placed at $5,000, but pending the trial, and over the objection of defendant, plaintiff was permitted to amend by increasing such claim to $10,000. The verdict of the jury was for $6,000.

I. The first proposition of the appellant in argument is that the verdict of the jury is excessive. In support of this contention it is said that the testimony of certain ex-

1. DEFECTIVE sidewalk: verdict held not excessive.

perts on behalf of the defendant clearly shows that appellee's injuries, while severe, are not necessarily permanent, and that some of the unfavorable symptoms noticed in his condition may have been produced by causes wholly unconnected with the accident of which he complains. But the testimony of experts, however learned, must be considered with and in the light of the entire record. That the appellee did fall

as he claims is not questioned, nor is it contended that he received no injury. There was evidence which, if believed by the jury, would justify a finding that his injury was of a very serious character, and that, in addition to a resulting double rupture of the abdominal walls, his spine was injured, producing partial paralysis of the lower limbs and bowels. The evidence further tended to show that the injured man suffered very great pain, that ever since the accident he has from time to time vomited blood, and that his stomach is weak and often unable to retain food. His attending physician says that to cure the rupture will require a surgical operation, and that such operation is not certain to be successful. He further says: ''Mr. Smith will never be able to do any heavy lifting, or perform the work in which he was engaged, in the undertaking business, where it requires lifting. The spinal injury is, no doubt, permanent,—not necessarily fatal. Mr. Smith will never be able to do manual labor again.'' There was much other testimony as to the severity of the injury, its apparent permanent character, and the suffering to which appellant has thereby been subjected. At the time of his injury, appellee was fifty-two years old, and was earning a salary of $65 per month. He claims to have been in good, sound bodily condition at the time of his injury, though he admits having broken an ankle during the previous year. He also admits that in the spring prior to the accident he believed himself to be afflicted with diabetes, but says that the symptoms which induced such belief had entirely disappeared, and he has since had no trouble of that nature. It will thus be seen that the extent, nature, and permanency of the appellee's injuries were for the jury to consider and determine; and in view of the entire record, giving appellee, as we are bound to do, the benefit of all the facts which the jury may properly have found from the evidence, we cannot say the verdict is excessive.

II.   It is further urged that the evidence is insufficient to sustain a finding that the defendant city was negligent with respect to the sidewalk in question.   The principal point made in this contention is that the evidence does not show the alleged defect to have been open and visible to persons having occasion to use the walk, and it is said that, before the city can be held guilty of negligence, it must have express notice of the unsafe condition of the walk, or such condition must have been so notorious as to be observable by all.   That the proposition thus stated has apparent support in the authorities is not to be denied.   *Cramer v. City of Burlington,* 39 Iowa, 512; *Doulon v. City of Clinton,* 33 Iowa, 399.   But without disputing that this rule may properly be applied in certain cases, it is well settled by repeated decisions of this court that a municipal corporation, charged with the duty of maintaining its streets in reasonably safe condition for public use, is held to have notice of dangerous defects therein, and especially defects arising from natural wear and decay, whenever such condition has existed so long that, in the exercise of reasonable oversight and care by the officers of the municipality, it should have been discovered and repaired.   *Wilberding v. City of Dubuque,* 111, Iowa, 489; *Rosenberg v. City of Des Moines,* 41 Iowa, 415; *Lorig v. City of Davenport,* 99 Iowa, 481; *McConnell v. City of Osage,* 80 Iowa, 293; *Graham v. Town of Oxford,* 105 Iowa, 705.   See, also, *Padelford v. City of Eagle Grove, supra,* 117 Iowa, 616.

*2. NOTICE of defects: negligence: jury question: evidence.*

The question thus presented is one of fact for the jury, and cannot be disposed of by the court as a matter of law. *Graham v. Town of Oxford, supra.*   Moreover, there was ample evidence in the case before us to justify a finding that the defect of which plaintiff complains was visible, notorious, and of long standing.   Witnesses testify that the walk was sunken nearly or quite to the surface of the ground; that the stringers were badly decayed; that for

a long time the loose and unstable condition of the boards had been recognized, and to some extent guarded against by laying wires fastened with staples along the top and near the edges of the walk; and that one of the wires had been removed, in whole or in part, for a considerable period before the accident, leaving the loosened boards in condition to tip up and catch the foot of a person passing over them. Surely it requires no argument or citation of precedents to demonstrate, under such circumstances, that plaintiff was entitled to go to the jury upon the question of defendant's negligence. In this connection it may also be said that the instructions asked by the appellant, so far as they announced correct propositions of law, were fairly embodied in the court's charge to the jury, and that, so far as not thus given, they are not in harmony with the principles hereinbefore approved.

III. Complaint is made that the charge of the court is "voluminous and confusing." The only criticism which can be justly made in this respect is that the charge may

3. VOLUMIN-
ous instruc-
tions: not
error.

well have been separated into somewhat shorter and more compact paragraphs; but the law of the case is clearly, fully, and fairly stated, and, assuming that the jury was composed of men of average intelligence, we cannot conceive it possible that they were in any manner confused or misled as to their duty in the premises.

IV. Appellant insists there was no evidence upon which the jury could allow compensation for future pain and suffering, and that the court erred in instructing the

4. FUTURE pain
and suffering:
jury may
consider:
evidence of.

jury that in assessing appellee's damages, if any, they might allow him such sum as, in their judgment, would fairly compensate him for the pain and anguish already suffered by him, "and for such as it is reasonably certain from the evidence he will in the future be obliged to endure as a result of said injuries." We think the objection is not sustained by the

record.   It may be true, as counsel says, that no witness, expert or otherwise, testified that the injured man would suffer pain in the future, but this is hardly decisive of the question thus raised.   The jury is entitled nevertheless to consider all the evidence as to plaintiff's condition from the time of his injury to the trial, and to draw therefrom such reasonable inferences and conclusions as are justified by the common experience and observation of mankind. If they find, as the testimony here tends to show, that plaintiff is permanently injured; tha , as a result of his injury, he is affected with hernia, curable only by a surgical operation; that he is partially paralyzed, and has frequent attacks of vomiting blood,—it does not require the opinion f an exper to aid the jury in finding that pain and suffering inevitably at end upon such conditions, an , that they are "reasonably certain" to continue in the future.   True it is that no witness has said, and no witness can say with certainty, how long these condit ons will continue.   Appellee may recover entirely, he may live to old age a feeble and helpless cripple, or he may die within a few months.   Nevertheless these possibilities and uncerta nties, which inhere to a greater or less degree in every case of personal injury, do not deprive the injured person of his right to damages against the party by whose negligence the injury is occasioned.   The best that can be accomplished is an impartial, approximate estimate of the sum which will afford reasonable compensation to the injured person, and this is for the jury to find under all the evidence with reference to past, present, and reasonably certain future conditions.   There was no error in the court's instructions upon this branch of the case.

V.   Error is assigned upon the order of the district court, pending the trial to the jury, permitting plaintiff to amend his petition by increasing the amount of damages claimed.  The allowance of amendments at any tage of the proceedings is

5. AMENDMENT of petition: increasing amount claimed.

within the discretion of the court and no facts or circumstances are shown to indicate that in the present case such discretion was abused.

Most of the exceptions taken to rulings upon the admission of evidence are not argued, and must be considered waived. Other exceptions, we think, are not well taken.

We find no prejudicial error in the record, and the judgment of the court below is AFFIRMED.