F. E. BENDER, Appellee, v. THE INCORPORATED TOWN OF MINDEN, Appellant.

124   685
137   742

**Defective sidewalks:** NEGLIGENCE: EVIDENCE. In an action for injuries received from a defective sidewalk, the evidence of negligence on the part of the town is considered and held sufficient to take the case to the jury.

1

**Contributory negligence:** EVIDENCE. The evidence is reviewed, and it is held that plaintiff was guilty of such contributory negligence, in stepping into a hole in the sidewalk causing his injury, as to preclude recovery from the town.

2

**Same.** Where one knows of a danger and his mind is diverted therefrom through inattention or heedlessness, he cannot recover for an injury received thereby.

3

*Appeal from Pottawattamie District Court.*— HON. A. B. THORNELL, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION at law to recover damages for personal injuries received by plaintiff in falling through a hole in one of the sidewalks in defendant town. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*H. L. Robertson* and *Harl & Tinley,* for appellant.

*Saunders & Stewart,* for appellee.

DEEMER, C. J.—The defendant is a town of four or five hundred inhabitants in Pottawattamie county. The two principal streets therein are Broadway, running north and south, and Second, running east and west. At the time of the accident in question there was a board walk, some ten or twelve feet in width, running east and west on the north side of Second street, along the south side of block eight in said town. What was known as " Hesley's Saloon " was one door from the west side of the block, and between this saloon and Broadway street, to the west, was a general store, at which plaintiff traded. The post office was half a block from the saloon, and still east of that, and on the south side of the street, was plaintiff's hotel. On the afternoon of March 27, 1902, and at about the hour of two, plaintiff left his hotel to go to the general store, where he traded. Just after passing the post office he met a traveling man with whom he was acquainted, and passed down the board walk with him until they arrived at a point just in front of the saloon, where they stopped and talked for fifteen or twenty minutes. When the conversation was concluded, plaintiff saluted his companion, turned around, and started to resume his journey westward, when he immediately fell into a hole in the sidewalk which was three and one-half to four feet in width, and seven or eight feet long, and down into an excavation under

the walk which was some six or eight feet deep, receiving the injuries of which he complains. He charges negligence on the part of the town in not discovering this hole and barricading it so that the traveling public might be protected from falling therein. It was conceded on the trial that the town had no actual knowledge or notice of the condition of the walk prior to the time the plaintiff received his injuries, but it is contended that it had constructive notice, or that it was negligent in not discovering the defect and remedying it before the accident occurred.

It appears that some workmen were engaged in making repairs of the cellar under the saloon, and that, in order to get material into the cellar, and to afford light, that they might be able to see to work, they removed three planks from the walk, and thus made the hole into which plaintiff fell. They had been engaged in this work two or three days, and it was their custom, when they took up the planks, to place some of them lengthwise over the opening, so as to afford a means of passage thereover, and to barricade the other places with beer kegs and cases. The jury was justified in finding that this hole was not barricaded at nine or ten o'clock in the forenoon of the day plaintiff was injured, and it seems to be conceded that it was not barricaded at the time plaintiff fell into it, a little after two o'clock in the afternoon. But the evidence shows without dispute that the planks were replaced at noon on that day, and were not removed again until ten minutes of one o'clock in the afternoon. It also shows that these planks were replaced by the workmen whenever they quit work, and that the hole was generally barricaded, although it was probably without barriers for from two to three hours in the forenoon of March 27th, and for about an hour and a half in the afternoon. We must assume that the officers of the town had knowledge of the custom of the men to barricade this hole, and that they would continue to do so; and they are not to be held negligent, nor the town charged with knowledge of

1. DEFECTIVE SIDEWALKS: negligence; evidence.

the situation, unless it should, in the exercise of ordinary care, have known of the failure of these workmen to barricade the opening in the walk at the time the accident occurred. The most that can be claimed from the evidence is that the workmen engaged in repairing the cellar, contrary to their usual custom, left the hole unguarded for an hour and half prior to the time plaintiff received his injuries. Was this enough to take the case to the jury on the question of the negligence of the defendant? The presence of such an opening in a populous city for such a length of time without barricades might very well be considered negligence, but not so, we think, in a town the size of this one, where foot travel is small, and officials are not required to be as watchful as in more populous centers. In small places like this, no one is or can be employed to keep constant supervision over the sidewalks. True, the officials are required to exercise ordinary care and diligence, but whether they did, or not, depends upon the circumstances and surroundings. While the same degree of care is required, no matter what the size of the place, yet what may be such care in one place may not be in another. The size of the place, the amount of travel, the customs and habits of the workmen engaged in the work, the nature of the duties imposed upon the officers of the municipality — these and all the surrounding facts and circumstances must be considered in determining the question of defendant's negligence. There was not, in our opinion, sufficient evidence to take the question of defendant's negligence to the jury. See, as sustaining these conclusions, *Doulon v. Clinton,* 33 Iowa, 397; *Cramer v. Burlington,* 39 Iowa, 512; *Cook v. City,* 66 Iowa, 427; *Weirs v. Jones Co.,* 80 Iowa, 351; *Hollenbeck v. City,* 62 Iowa, 25.

II. Defendant also contends that plaintiff was guilty of such contributory negligence as defeats his action. Coun-

2. CONTRIBUTORY NEGLIGENCE: evidence. sel suggest that it was impossible for plaintiff to approach an opening in a sidewalk of the size of the one described without seeing it, and that, if he did

not see it, he was guilty of negligence in not doing so. This we think must be so. Plaintiff admits having approached the opening from the east, and having walked directly toward it for thirty or forty feet. He also says that as he came up to the hole he stopped within eighteen inches of it, and stood there from fifteen to twenty minutes talking with his companion, the traveling man, most if not all the time with his face to the northeast. He further testified that he approached the opening slowly, and, as he did so, was engaged in close conversation with the traveling man about a suit of clothes, and that the conversation continued for the fifteen or twenty minutes that he stood at the edge of the hole. He further testified that, as the traveling man started to leave, he saluted him with his hand, turned about in quest of his errand, and immediately fell into the opening in the walk. He insists with great vehemence, however, that he did not see the opening, and contends that, as his attention was diverted by the conversation with his companion, he was excused for not seeing it. We doubt if it is possible for one with good eyesight, on a clear day, as this one was, to approach such an opening as is here complained of, and to stand within eighteen inches of it for from fifteen to twenty minutes, without seeing it. The range of vision is not so limited that one must look directly at a thing in order to see it. Had plaintiff used his senses either as he approached the opening, or while standing within eighteen inches of it, he must have seen it. The defect was in plain sight, and might have been seen by the plaintiff, had he been using his eyes. This is conceded by his counsel, and is sought to be met by the claim that his attention was diverted by the conversation with the traveling man and that this excused him from what would otherwise be contributory negligence on his part.

It is true, of course, that if one's attention is diverted for the time being, and through this diversion he is led into a dangerous opening in a sidewalk, the jury may find his conduct excusable. But what will constitute such diversion

as will excuse him? This is the pivotal question on this branch of the case. If the diversion is self-induced — that is to say, due to inattention or forgetfulness — it

**3. SAME.**

is manifest that it is not sufficient, and will not excuse, for, if it is due to mental abstraction or heedlessness, it is not a diverting cause. Indeed, we have expressly held that the presence of other parties with whom the injured person it talking is not a diverting cause. *Tuffree v. State Center,* 57 Iowa, 538. Appellee relies largely on *Liehtenberger v. Town of Meriden,* 91 Iowa, 45; *Liehtenberger v. Town of Meriden,* 100 Iowa, 221. But there the jury was justified in finding that plaintiff did not know of the defect, on account of the manner in which he approached it; and the diverting cause was the presence of a stranger who passed between him and the person with whom he was conversing, causing him to step back quickly into a hole. It was the presence of this stranger who crowded between plaintiff and the person with whom he was talking which constituted the diverting cause in that case. Here there was no such diverting agency. Plaintiff was simply talking with his companion as he approached the hole. And as he stood within eighteen inches of it, there was nothing but a continuation of this conversation to call his attention away from the defect. The case is very similar to that of Tuffree, and, we think, is ruled thereby. Indeed, we think plaintiff told the truth when he declared shortly after the accident that he knew of the hole, but had forgotten about it. This conversation is not denied by the plaintiff, and we think it furnishes the key to the entire situation. See, as further sustaining our conclusions on this branch of the case, *Stackhouse v. Vendig,* 166 Pa. 582 (31 Atl. Rep. 349); *Waterbury v. C., M. & St. P. R. R.,* 104 Iowa, 32; *Cressy v. Town,* 59 Iowa, 62; *Munger v. City of Marshalltown,* 56 Iowa, 216; *Village v. Depew,* 80 Ill. 119; *Moore v. Richmond,* 85 Va. 538 (8 S. E. Rep. 387).

The motion for a new trial should have been sustained. The case is therefore REVERSED.