MARY D. LUSE, appellee, v. CITY OF SIOUX CITY, a municipal corporation, appellant.

No. 50392.

DECEMBER 12, 1961.

John E. Hutchinson, Assistant City Attorney, for appellant.

Deck & Johansen, of Sioux City, for appellee.

OLIVER, J.—Plaintiff, Mary D. Luse, was riding in the automobile of her daughter Eleanor, which the latter drove into a parallel parking place alongside a cement sidewalk, beside a street in the business district of Sioux City. As plaintiff stepped from the car to the sidewalk she tripped or stumbled over a hole or broken place in the sidewalk. She fell and was injured. The accident happened April 7, 1959, at eight o'clock p.m. Thereafter, plaintiff brought this action for damages against the City of Sioux City. Trial to a jury resulted in judgment for plaintiff for $2000. From this judgment defendant has appealed.

I. Appellant assigns as error orders overruling its objections to questions asked plaintiff and her daughter for their

opinions "as to how long the hole in the sidewalk had been there." Plaintiff had testified she did not know of the hole before she fell, but she subsequently inspected it. Her answer, over objections, to the question "what is your opinion" (how long the hole had been there) was: "Well, you could see that it wasn't a new break, it had been there for some time, a long time I would say." Asked what she meant by a long time in weeks or months (to which question there was no objection), she answered: "I would say a couple of years or so."

Over objections, Eleanor Luse answered a question calling for her opinion, from her inspection of the hole, how long it might have existed: "Well, you could see that it wasn't a new hole, that it had been there quite a while because it was all jagged, and it was the same color as the rest of the sidewalk."

█ Trial courts have a broad but not unlimited discretion in determining the admissibility of opinion evidence. See Waterloo Savings Bk. v. Waterloo, Cedar Falls & Northern R., 244 Iowa 1364, 1374, 60 N.W.2d 572; Grismore v. Consolidated Products Co., 232 Iowa 328, 342, 5 N.W.2d 646, 654. Here the questions objected to called for the opinion of the nonexpert witnesses as to the (calendar) age of the hole in the sidewalk.

█ It may be observed the answers were not strictly responsive to the questions. Each drew an inference of age from the appearance of the hole as described by such witness. The essence of the answers was that the broken part of the sidewalk was weather beaten and of the same color as other parts. The questions asked were too broad but the answers were within proper limitations.

The evident purpose of this testimony was to show the existence of the defect for a period sufficient to give the city constructive knowledge of it, in time, in the exercise of reasonable care, to have remedied it before the accident. This was alleged in paragraph 5 of the petition. The answer stated: "Defendant not having sufficient knowledge upon which to form a belief denies Paragraphs * * * 5 * * *."

█ The record indicates this issue was nominal only. Defendant offered no evidence bearing upon it. Several photographs placed in evidence by plaintiff showed the hole and

cracks in the sidewalk. A witness who had regularly used that space (it was a daytime truck zone) testified, without objection, the defective condition, shown by the photographs, had existed for some years. This evidence was not questioned and the court found the evidence of the existence of the defect was undisputed. Under the circumstances shown in the record no error appears.

II. A Claims Investigator was a witness for defendant. On cross-examination he testified he learned of the accident shortly after it happened from information telephoned the City Legal Department by plaintiff. He was then asked: "Inasmuch as your office did receive notice, what, if anything did they do about correcting the defect?" An objection by defendant was overruled and the witness answered it had not been repaired.

Error is assigned to this ruling. Decisions of this and most other jurisdictions hold evidence of repairs made after an injury is not admissible as proof of negligence of a defendant for not having made them prior to the accident. Cramer v. City of Burlington, 45 Iowa 627; 20 Am. Jur., Evidence, section 282; 170 A. L. R. 19, annotations; 64 A. L. R.2d 1300, annotations. The record does not show any valid reason for the question. Hence, the objection should have been sustained. However, the witness testified no repairs had been made. Therefore, it appears the ruling did not result in prejudice to defendant.

III. In her petition plaintiff prayed damages totaling $15,500, of which $50 was for medical expenses already incurred and $213 was for future medical expenses. Appellant assigns error to the inclusion in the instructions of the claim for future medical expenses, over its objections. It appears the $50 asked for medical expenses included only those incurred before the action was instituted. The record shows additional medical expenses, apparently incurred thereafter, but before the trial. Appellant states, "the actual medical expense of appellee was approximately $300 * * *." However, her petition was not amended to show this. Therefore, she was not entitled to recover more than the $50 pleaded, for medical expenses incurred before the trial.

354

Plaintiff's attending physicians testified her injury was an acute lumbosacral strain as well as the aggravation of arthritic changes which were already in her spine at the time of the injury. "She has permanent disability in her back * * * the fall was the inciting cause of her complaints. * * * She will have episodes in the future in which the back will bother her as the result of her arthritic changes. She may require medical care, yes."

Our most recent decision involving future medical expenses is Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 723, 107 N.W.2d 85, 95. There a judgment for damages, which included future medical and hospital expense, was reversed because no estimate was "given by one or more qualified witnesses upon which the jury may reasonably fix an allowance for this item." In the case at bar there was no such estimate by a qualified witness and the item of future medical expenses should not have been submitted to the jury.

■ The circumstances here are somewhat different from those in the Shover case. There the amount asked for future medical and hospital expenses was relatively large, the amount of the verdict was $74,051 and the amount allowed for such expenses could not be determined. Here the amount demanded for future medical expenses was only $213 and the amount allowed must not have exceeded this figure.

Under the circumstances we conclude plaintiff should be permitted to preserve the part of the judgment not invalidated by the error in the instructions, if she so elects.

If, within thirty days from the filing of this opinion or from the filing of an order determining a petition for rehearing, plaintiff shall file in the office of the clerk of this court a remittitur of all the judgment in excess of $1787 with interest and costs, the judgment will be affirmed, otherwise reversed and the case remanded for a new trial.—Affirmed on condition.

All JUSTICES concur except BLISS, J., not sitting.