## MUNGER v. THE CITY OF MARSHALLTOWN.

1. **Negligence:** WHAT IS CONTRIBUTORY: DEFECTIVE SIDEWALK. An instruction as to contributory negligence, in an action to recover from a city for injuries received by reason of a defective sidewalk, considered and held erroneous.

*Appeal from Marshall Circuit Court.*

FRIDAY, JUNE 10.

THE plaintiff claims to have been injured by reason of a defective sidewalk, and this action was brought to recover

damages therefor. Trial by jury, verdict and judgment for plaintiff and defendant appeals.

*B. L. Barrett*, for appellant.

*Henderson & Carney*, for appellee.

SEEVERS, J. It was a material question in the trial of this action whether the plaintiff had been negligent, and therefore

1. NEGLI-GENCE: what is contributory: defective sidewalk.

could not recover. The court on this branch of the case instructed the jury as follows: " 5. The plaintiff would be justified in relying upon the presumption that the defendant had done its duty in repairing any injury, if a reasonable time after the injury to the walk had elapsed before her use of it, and if she knew or ought to have known of the injury to the walk, she would be justified in using it, exercising such care, however, as seems reasonable. In view of her knowledge of its condition, and by the use of ordinary prudence, if she could not discover the fact that the plank was dangerous till she was so close to it as to be unable to avoid it she was not negligent. In order to render her negligent, preventing a recovery, she must have gone into the danger voluntarily, assuming the risk by stepping into the danger there apparent. If she did not know, or have reason to know, that the plank was loose she would not be required to presume there was danger in going upon it."

To this instruction the defendant excepted, and it is now insisted that no reversible error was committed in giving it.

Negligence is the failure to use ordinary care, and it may exist when there has been carelessness, forgetfulness or a want of attention.

Now as we understand the foregoing instruction the danger must have been apparent, and the plaintiff must have voluntarily assumed the risk of being injured before she can be said to have been negligent. We have some hesitation as to the meaning of the word voluntarily in the connection in

which it is used. There is no pretence the plaintiff could not have avoided, or that she was compelled to pass over, the defective sidewalk. We, therefore, think the court must have used the word aforesaid in the sense of knowingly. That is, that the plaintiff must have known of the apparent danger and assumed the risk before it can be said she was negligent. Now does the law require the danger should be apparent. That is, as we understand, obvious, plain or visible, as if the plaintiff saw the danger and voluntarily, that is, knowingly, "stepped into the danger apparent there." The true rule, we think, is that the plaintiff should have used due care and caution to discover the danger. The instruction given, we think, is erroneous.

Other objections are urged by the appellant, but none of them, we think, are well taken.

REVERSED.