OF THE

## STATE OF IOWA

AT

### DES MOINES, MAY TERM, A. D. 1904,

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

HILDA CARLSON v. WILLIAM HALL, Appellant, and GEORGE GANNON.

Assault: PRACTICE. Error in overruling a motion for a more specific statement is waived by answering.

Failure of record to disclose error. A record that fails to contain the evidence and to show an objection to irrelevant testimony does not disclose error.

Damages: PRESUMPTION AGAINST ERROR. Where an action for damages is tried on the theory that physical pain and mental suffering are elements of damage and the court instructs in relation thereto, it will be presumed that recovery of damages for pain and suffering was an issue, and evidence thereof was properly received.

121

**New trial:** DENIAL: EVIDENCE. On an application for a new trial
because of newly discovered evidence, the evidence is considered
and held that in view of the record as presented there was no
abuse of discretion in denying the same.

*Appeal from Harrison District Court.*— HON. A. B. THORN-
ELL and HON. O. D. WHEELER, Judges.

SATURDAY, MAY 7, 1904.

ACTION for damages. Trial resulted in judgment in
favor of Gannon and against Hall, from which the latter ap-
peals.— *Affirmed.*

*J. S. Deweil* and *Frank Tamisiea,* for appellant.

*Fallon & Egan,* for appellee.

LADD, J.— The plaintiff alleged that on August 25,
1901, the defendants " did willfully and maliciously assault
this plaintiff, and did then and there strike plaintiff with
their fists, and kick her with their feet, thereby
1. PRACTICE. maiming and bruising her body, causing her
great pain and suffering, for which she has been compelled,
up to the present, to pay for medical attendance the sum of
fifty ($50) dollars," and that " by their striking and kicking
plaintiff at the time and place aforesaid did cause her to suf-
fer permanent injuries to the internal organs of her abdom-
inal cavity, to her damage in the sum of four thousand nine
hundred and fifty dollars." The prayer was for judgment in
the sum of $5,000. The defendants moved for more specific
statement, but the error, if any, in overruling this, was waived
by filing an answer. *Kline v. Ry.,* 50 Iowa, 656; *Coakley v.
McCarty,* 34 Iowa, 105.

II. The court, in one paragraph of the charge, stated
that the plaintiff " claims to have received injuries from the
assault of defendant which injured her person in various por-
tions and in various manners, and has introduced testimony

to show the location, nature, and extent of such injuries,
and to show her present condition, which, as
she claims, resulted thereupon." It is said that
this shows that the court received evidence of
injuries not embraced in the pleadings. If this be conceded,
it does not follow that there was any error. The record does
not contain the evidence, and, for all that appears, it may
have been introduced without objection.

*2. FAILURE OF RECORD TO DISCLOSE ERROR.*

Exception is also taken to an instruction in which the
jury was advised that compensation might be allowed for
" physical pain and mental suffering," on the ground that
such damages were not alleged in the petition.
The case seems to have been tried, however, on
the theory that the claim was based in part on
this element of damage. In another instruction the court said
" there was some evidence of sickness and pain and suffering
of plaintiff and exclamations and declarations made by her
relative to her pain and suffering during the period following
the alleged assault." This indicates that the pain and suf-
fering was treated by the parties as an issue, and, if so,
neither may now take exception to the interpretation put upon
the petition. *Fenner v. Crips,* 109 Iowa, 455. Every pre-
sumption is to be indulged in favor of the correctness of the
court's ruling, and, in view of the statements contained in
the instructions, it is to be assumed that evidence was prop-
erly received, and that the recovery of damages for pain and
suffering was treated as an issue raised by the pleadings.
As to the admissibility of evidence of exclamations or declara-
tions of pain, see *Keyes v. Cedar Falls,* 107 Iowa, 509.
Complaint is also made that the jury was not charged that
the assault and beating, if any, must have been unlawful.
Probably the evidence raised no controversy on this point.
At any rate, without it we are to assume such to be the fact.

*3. DAMAGES: presumption against error.*

III. The motion for new trial was based in part on the
ground of newly discovered evidence. It was made to ap-
pear that some years previous plaintiff had sued one Johnson

in Omaha, Neb., for damages resulting from the sale of in-

4. NEW TRIAL: toxicating liquors to her husband, and the peti-
denial;
evidence. tion had alleged that, as a result, her husband
had "assaulted, struck, beat, and wounded this plaintiff, thereby causing a fracture of the bones of her forearm and the rupture of and the permanent injury to her womb, and otherwise injuring her and maltreating her." The affidavits filed show that in 1898 she had trouble with her stomach and womb of a permanent character, and that her testimony on that trial tended to support the allegations of her petition. It was also shown that she had complained in 1899 of being thrown from a wagon, and "injured on her chest, stomach, and abdomen." On the other hand, a physician who had attended her before and subsequent to the alleged assault by defendant made affidavit that "the injuries complained of, and for which she received the verdict, did not exist prior to the date he was called by Hilda Carlson to attend, after she had been so injured as complained of by the said William Hall." This was somewhat corroborated by an affidavit of her son. As the evidence is not before us, it cannot be said that the injuries were so nearly identical that proof of those said to have been inflicted by her husband, or suffered from being thrown from a wagon, would have tended to contradict any testimony on the trial. True, some of affiants say they understood them to be identical, but this was a mere matter of opinion, based upon hearsay, and is contradicted by the affidavit of the attending physician. In the light of the record, as presented, it cannot be said that there was any abuse of the discretion in denying the application for a new trial.— AFFIRMED.