ADOLPH BUCHHOLTZ, Appellant, v. THE INCORPORATED TOWN OF RADCLIFFE, Appellee.

**Instruction:** REPETITION. The repetition of an instruction which states a correct rule of law is not reversible error.

**Contributory negligence.** One who could readily have seen, and by the exercise of ordinary care should have seen and thus avoided the danger which caused his injury, cannot recover therefor.

**Special interrogatories.** Where the court's instruction on the question of contributory negligence was correct it was not error to submit the special inquiry: Ought plaintiff by the exercise of ordinary care and diligence to have seen the danger?

**Evidence:** IMPEACHMENT: INSTRUCTION. The court's instruction with reference to impeaching evidence and the weight to be given the same is considered and held to announce a correct proposition of law.

**New trial:** NEWLY DISCOVERED EVIDENCE. Newly discovered evidence, which, if offered upon the trial it is evident would not have affected the result, will not support a motion for a new trial.

**Contributory negligence:** EVIDENCE. In an action for damages resulting from an alleged defect in a street the evidence is reviewed and held to support a finding of contributory negligence.

*Appeal from Hardin District Court.*— HON. W. D. EVANS, Judge.

THURSDAY, NOVEMBER 16, 1905.

ACTION at law to recover damages for personal injuries said to have been received by plaintiff while passing along a street in the defendant town. Trial to a jury; verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*J. H. Scales, Bryson & Bryson,* and *Huff & Huff,* for appellant.

*W. R. Williams, Albrook & Lundy,* and *F. H. Noble,* for appellee.

DEEMER, J.— I. Plaintiff claims that; while chasing his cow over one of the streets in the defendant town, he ran against a guy wire to a horizontal trapeze bar which had been erected upon the property of one Drake in such a manner as that the guy wire extended from the top of one of the uprights of the trapeze out into one of the streets of defendant town, where it was fastened to a stake driven into the ground; and

that as a result thereof he was thrown upon the frozen ground and received very serious injuries to his body, head, and spine. The negligence charged against the city is that it permitted this dangerous appliance to remain in the street after knowledge of its presence, or for such a length of time as that in the exercise of ordinary care and prudence it should have known of and removed the same before the accident occurred. Plaintiff pleaded his freedom from contributory negligence, and offered testimony to show the nature of his injuries, which he claimed were very serious and permanent. Defendant interposed the usual defenses, and in addition thereto introduced evidence to show that plaintiff did not fall over the wire as claimed; and that his supposed injuries were imaginery or simulated. The case was submitted to a jury under instructions of which some general complaints are made, resulting in a verdict for defendant. This appeal is from the judgment rendered thereon.

Appellant's chief complaints are of the instructions given by the trial court. It is said that they made prominent every point available as a defense, and obscured and dis-

1. Instruction: paraged plaintiff's cause of action. This com-
   repetition. plaint is unfounded. The instructions are the usual ones given in such cases, and we need not set them out *in extenso*. Suffice it to say that they were fair to both parties, and as we shall see were accurate statements of the law. There is some repetition in them as to what it was necessary for plaintiff to establish in order to show liability on the part of the town, but the rule announced was clearly correct, and the mere repetition thereof was not prejudicial to plaintiff. The repetition complained of was with reference to the degree of care required of the defendant, and was stated so that the different aspects of the case might be fully comprehended by the jury. In the last instruction it was merely an introductory statement, and was necessary to a complete statement of the rule to the jury. There was no error here.

II.   A part of instruction 7 reading as follows is challenged:   "If under all the circumstances surrounding him (plaintiff) he could readily have seen, and as an ordinarily

2. CONTRIBUTORY
NEGLIGENCE.

prudent and careful man ought to have seen, the wire over which he claims to have fallen, then he was guilty of contributory negligence, and he can recover nothing in this case."   It is scarcely necessary to cite any authorities in support of this instruction.   But see, *Cressy v. Postville,* 59 Iowa, 62; *Tuffree v. State Center,* 57 Iowa, 538; *Munger v. City,* 56 Iowa, 216; *Langhammer v. City,* 99 Iowa, 295.

The trial court submitted this special interrogatory, to which the jury made answer as shown:   "With the exercise of ordinary care and diligence ought plaintiff to have seen

3. SPECIAL
INTERROGA-
TORIES.

the wire over which he fell?   Answer:   Yes." As the instruction was correct, plaintiff has no just cause of complaint of this interrogatory.   If there was any prejudice, it was to defendant, in that the court in this question assumed that plaintiff fell over the wire, which was a matter in dispute.   There was no error in submitting the interrogatory.   *Jones v. Shelby Co.,* 124 Iowa, 555, relied upon by appellant, does not hold to the contrary.

III.   Testimony was adduced by defendant for the purpose of impeaching the plaintiff who was a witness on his

4. EVIDENCE:
impeachment:
instruction.

own behalf; and the district court instructed with reference thereto as follows:

Some evidence has been introduced tending to impeach the plaintiff as a witness.   One of the recognized methods of impeaching a witness is to prove that his general reputation for truth and veracity is bad in the community in which he lives.   This must be proved by witnesses who are acquainted with his general reputation in the community in that respect.   The opposing party may contradict such testimony by introducing other competent witnesses to testify that his reputation in such community is not bad.   If you believe from the evidence in this case that plaintiff's gen-

eral reputation for truth and veracity is bad in the community in which he lives, then you have a right to disregard his testimony as a witness as being unworthy of belief. But you are not bound to disregard it. It is for you to say, in the light of all the facts and circumstances in the case, whether any or all of his testimony is unworthy of belief, and you will give it such weight as you deem it entitled to, or none, if entitled to none.

This instruction is criticised. That it announces a correct proposition of law is manifest from a reading thereof,

IV. Newly discovered evidence was relied upon in plaintiff's motion for a new trial. This testimony had reference to the fact that plaintiff fell over the wire as claimed by him, and did not go to the question of his (plaintiff's) care. In view of the answer to the special interrogatory, it is evident that plaintiff was defeated on the ground of contributory negligence. If the newly discovered evidence had been introduced upon the trial, it could not have changed the result, as it had no bearing upon the question of plaintiff's conduct at the time he claims to have been injured. Moreover the evidence was purely cumulative in character.

5. NEW TRIAL: newly discovered evidence.

V. Lastly, it is argued that the verdict is without support in the evidence and is contrary thereto. There was a decided and sharp conflict in the evidence on nearly every proposition in the case. Defendant introduced evidence tending to show that no part of the trapeze was in the street, that plaintiff did not in fact fall over the wire, but that he received his injuries in another manner, and that he did not suffer any injuries as a result of his fall, even conceding that he fell over the wire. These matters were all for the jury, and with its finding we are not justified in interfering. The burden was upon plaintiff to show his freedom from contributory negligence. As to this he did no more than state how the accident occurred. The defect in the street, if there was one,

6. CONTRIBUTORY NEGLIGENCE: evidence.

was in plain sight, and plaintiff gave no excuse for not seeing it. He did not testify that he was looking to see where he was going, or that he was exercising any of his senses at the time he claims to have fallen over the wire. The trial court, in passing upon the motion for a new trial, said in effect that plaintiff had not in his opinion shown freedom from contributory negligence. The jury so found, and with its conclusion we are content.

No prejudicial error appears, and the judgment is *affirmed*. WEAVER, J., taking no part.