Coös,  
June 1, 1909.

## WHALEN v. PEERLESS CASUALTY CO.

"Voluntary exposure to unnecessary danger or obvious risk," within the meaning of the phrase as used in an accident insurance policy, is a conscious or intentional exposure to a known risk, and not one which is merely inadvertent or accidental.

One who crosses the tracks of a railroad in a foot-path commonly used for the purpose is not guilty of a violation of law or the rules of a public carrier, unless the notice provided for by statute was posted at or near the path and was maintained in such condition that those undertaking to enter could have learned its contents by the exercise of reasonable care.

ASSUMPSIT, on a policy of accident insurance dated April 21, 1906, and issued to the plaintiff by the defendant company. Trial by jury. Transferred from the December term, 1907, of the superior court by *Chamberlin, J.*

The plaintiff was fifty-seven years old at the time of the trial. He was a resident of Berlin, and had lived for some years in a house westerly of the tracks in the yard above the station of the Grand Trunk Railway. About two o'clock in the afternoon of the day of his injury, he left his home to go to another part of the city, proceeding along a path which crossed the railroad tracks and is used by many people in passing through the railroad yard. It was a very stormy day, with the wind blowing from the northwest. The plaintiff testified that before going upon the tracks he looked and listened, but saw and heard nothing. There were three tracks at the place of crossing. As the plaintiff stepped upon the middle track, an engine used in switching backed down upon him, struck him, and cut off one of his legs above the ankle joint.

The plaintiff was injured at a point on the railroad near what is called the "home semaphore." At a distance of about 150 feet easterly of the semaphore, there was posted a notice, printed in English and French, as follows: "Warning. Keep off the railroad track." A like notice was posted a quarter of a mile west of the semaphore, near Hillside avenue. At a point 150 feet northerly of the semaphore, and near Green street, there was a notice as follows: "Grand Trunk Railway. The public are by law strictly prohibited from walking upon or over the railroad track. By order." There was no sign or notice at the place where the plaintiff attempted to cross the track in the path leading through the yard. The plaintiff was unable to read English or French, and testified that he never saw the signs where they were posted.

They were in legible condition. Other facts appear in the opinion.

*Sullivan & Daley* and *Burritt H. Hinman*, for the plaintiff.

*John E. Allen* and *Rich & Marble*, for the defendant.

BINGHAM, J. At the time the plaintiff received his injury he held a policy in the defendant company insuring him against the loss of a foot by complete severance at or above the ankle joint, in the sum of $100, subject to the proviso that if the injury resulted " wholly or in part from voluntary exposure to unnecessary danger or obvious risk of injury," or resulted from or was received " while violating the law, or violating the rules of a public carrier affecting the safety of its passengers or the public," he should be entitled to receive but $20. The defendant pleaded the exceptions contained in this proviso in defence of the action ; and upon the submission of the evidence outlined in the statement of the case, the trial justice directed the jury to return a verdict for the plaintiff for $20. The parties then agreed that in case the ruling directing the verdict should be held to be erroneous, judgment should be entered for the plaintiff for $100, with interest from the date of the writ and taxable costs.

In directing the verdict, the court ruled as a matter of law that the plaintiff's injury resulted from voluntary exposure to unnecessary danger or obvious risk of injury, or resulted from or was received while violating the law, or violating the rules of a public carrier. If any one of these rulings was correct, the verdict should be sustained ; otherwise it should be set aside, and a verdict entered in accordance with the agreement of the parties.

The meaning of the clause " voluntary exposure to unnecessary danger," as used in accident policies, has frequently been before the courts. In *Keene* v. *Association*, 161 Mass. 149, 151, the language of the exception was " any voluntary exposure to unnecessary danger, hazard, or perilous adventure," and it was held that the provision did not contemplate " an involuntary exposure to unnecessary danger "; that " a merely inadvertent or unintentional exposure to a danger of this kind is not voluntary, but involuntary. A voluntary exposure . . . implies a conscious, intentional exposure—something which one is consciously willing to take the risk of."

In *Burkhard* v. *Insurance Co.*, 102 Pa. St. 262, it was said : " A clear distinction exists between a voluntary act and a voluntary exposure to danger. Hidden danger may exist ; yet the exposure thereto, without any knowledge of the danger, does not constitute

a voluntary exposure to it. . . . The result of the act does not necessarily determine the motive which prompted the action. The act may be voluntary, yet the exposure involuntary. The danger being unknown, the injury is accidental." In *Lehman* v. *Casualty Co.*, 7 N. Y. App. Div. 424, 429, it was said that "one cannot be said to be guilty of a voluntary exposure to danger unless he intentionally and consciously assumes the risk of an obvious danger."

In numerous other cases the same conclusion has been reached. It is unnecessary to refer to them at length. See: *Badenfeld* v. *Association*, 154 Mass. 77; *Anthony* v. *Association*, 162 Mass. 354, 357; *Williams* v. *Association*, 133 N. Y. 366; *DeLoy* v. *Insurance Co.*, 171 Pa. St. 1; *Equitable etc. Co.* v. *Osborn*, 90 Ala. 201; *Miller* v. *Insurance Co.*, 92 Tenn. 167. The case of *Cornish* v. *Insurance Co.*, 23 Q. B. Div. 453, relied upon by the defendant, is not in point. The exception there was of accidents happening "by exposure of the insured to obvious risk of injury,"—not by "voluntary exposure." See *Lehman* v. *Casualty Co.*, *supra.*

It appears, therefore, that a voluntary exposure to unnecessary danger or obvious risk, within the meaning of the policy, is a conscious or intentional exposure to a known risk, and not a merely inadvertent or accidental one.

Now the evidence upon this branch of the case tended to show that the plaintiff, when he entered upon the tracks of the railroad, was not conscious that he was exposing himself to an unnecessary danger or obvious peril, and that his injury was accidental. He was making use of a path frequented by people in crossing and recrossing the railroad yard. The day was very stormy, with the wind blowing from the northwest. The plaintiff testified that before stepping upon the track he looked and listened, but saw and heard nothing. This evidence was surely not so conclusive that reasonable men must find that the plaintiff consciously and intentionally exposed himself to an unnecessary and obvious danger, and the court erred in withdrawing the question from the jury.

Did the plaintiff's injury result from or was it received while violating the law, or violating the rules of a public carrier? The plaintiff contends that the clause as to "violating the law" is limited in its application to violations of the criminal law (*Cluff* v. *Insurance Co.*, 13 Allen 308; *Lehman* v. *Casualty Co.*, 7 N. Y. App. Div. 424; *Insurance Co.* v. *Bennett*, 90 Tenn. 256; 1 Cyc. 266), while the defendant contends that it is not thus limited, but extends to and includes infractions of the civil law as well. *Bradley* v. *Insurance Co.*, 45 N. Y. 422; *Bloom* v. *Insurance Co.*, 97 Ind. 478.

In the view we take of the case it is unnecessary to determine which of these contentions is right; for the evidence did not warrant the court in ruling that the plaintiff's act in crossing the tracks of the railroad was a violation of either the criminal or civil law. The defendant relies, in support of its contention that the plaintiff's injury was received while violating the criminal law, upon the provisions of section 1, chapter 75, Laws 1899, and the evidence wherein it appeared that the railroad company had posted notices in its yard in Berlin, distant from 150 feet to a quarter of a mile from the path where the plaintiff attempted to cross, warning people to keep off the tracks. To render the plaintiff's entry upon the railroad's right of way punishable as a crime, it should appear that a notice warning people not to enter under penalty of the law was posted at or near the path where the plaintiff and others were accustomed to enter and cross, and was maintained in such condition that those undertaking to enter there could, by the exercise of reasonable care, see and ascertain its contents. *Brown* v. *Railroad*, 73 N. H. 568, 572. But in this case it appeared that no notice was posted at the place where the plaintiff and others were accustomed to cross, that the plaintiff had never seen those which were posted, and that the circumstances were such that it was a question of fact for the jury to decide whether he could have seen them by the exercise of reasonable care and learned their contents. It would also seem that some of the notices, at least, were insufficient in that they did not inform the traveler that entry was forbidden under penalty of the law.

As it might be found that notices were not posted so as to render people crossing where the plaintiff did liable to prosecution and fine, and that the practice of crossing there was such that the railroad knew or ought to have known of it, it might also be found that the plaintiff was not a trespasser, and that in entering upon the right of way he violated no rule of law, civil or criminal. *Keene* v. *Association*, 161 Mass. 149, 150, 151. The provision in section 1, chapter 75, Laws 1899, where it says "and no right to enter or be upon any railroad track shall be implied from custom or user, however long continued," is limited to cases where notice has been posted under the statute forbidding such entry. Since it could be found that the plaintiff in entering upon the tracks of the railroad was not a trespasser, and might have entered with their permission, it could not be ruled as a matter of law that in so entering he was violating a rule of the corporation. In accordance with the agreement of the parties, there should be,

*Judgment for the plaintiff for $100.*

All concurred.