W. C. STODGEL, Appellee, v. M. M. ELDER, Appellant.

**APPEAL AND ERROR:** Harmless Error—Instructions. Where
1   plaintiff claimed that he was entering a garage with an oil can and funnel in his hand and was negligently run down by defendant, it was harmless to defendant for the court, in stating the duty of the plaintiff to use reasonable care, to instruct that if, in entering the garage *with the can and funnel,* he did not use reasonable care, and thereby contributed to his injury, he could not recover. No error can be predicated on the inclusion of the terms ''with the can and funnel'', even though there was a controversy as to what plaintiff was doing when he was hurt.

**TRIAL:** Instructions—Curing Error—Withdrawal of Instruction.
2   The withdrawal of an erroneous instruction, at any time before the jury returns a verdict, cures the error, save, possibly, in very exceptional cases. Applied where the court, feeling that it had erroneously instructed as to the doctrine of ''last clear chance'', withdrew the instruction, and substituted a concededly correct one.

**NEW TRIAL:** Newly Discovered Evidence—Competency and Effect.
3   A new trial will not be granted because of the discovery of new evidence when such evidence (a) is incompetent and privileged on the objection of the prevailing party and (b) bears not on the right to recover, but on the amount of recovery.

PRINCIPLE APPLIED: Plaintiff was given a verdict for damages for personal injuries. Defendant later discovered that, shortly after plaintiff received his alleged injury, he called upon a physician, and that the physician examined him (plaintiff) and did not find any ''objective symptoms of an injury to his breast''. *Held,* new trial rightly denied.

*Appeal from Sioux District Court.*—Hon. William Hutchinson, Judge.

Saturday, November 27, 1915.

Action at law to recover damages for personal injury. There was a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Harding & Kahler* and *P. D. Van Oosterhout,* for appellant.

*Gerrit Klay* and *T. E. Diamond,* for appellee.

Weaver, J.—The case stated by plaintiff's petition is to the following effect: That, on the day in question, he lawfully entered, upon a matter of business, a building in Council Bluffs which was being used by one Madsen as an automobile garage, and while there and without negligence on his part, defendant drove an automobile into said building from the street and negligently drove against and upon the plaintiff to his serious injury. In specifying the alleged negligence, plaintiff says that defendant drove the car recklessly and without care for the safety of those lawfully in the building and without giving or sounding any alarm and without having or using proper brakes or other appliances by which to control the car. The defendant denies the petition and says that plaintiff's injury, if any, was the result of his own negligence. There was a verdict for plaintiff for $500 and judgment entered thereon.

According to plaintiff's story, he had been driving a car and stopped in front of the garage to get a supply of gaso-

line.  Having filled his tank, he started into the garage with
the can and funnel which he had been using, and had gone
but a few feet when defendant, driving up from behind,
struck and injured him.  There was evidence, also, from
which the jury could find the defendant negligent and that
plaintiff was not himself at fault.  There was dispute be-
tween the witnesses upon some of the details, but the truth of
such matters was for the jury.

I. The court, in stating the duty of the plaintiff to use
reasonable care for his own protection, said to the jury that
if, in entering the garage with the gasoline can and funnel,
he did not exercise the care of a reasonably
prudent man, and thereby contributed to his
injury, he was not entitled to recover.  The
mention by the court of the can and funnel is objected to as
prejudicial error, because the fact as to whether plaintiff was
so engaged at the time of the accident was in dispute.  The
exception seems to be trivial.  The essence of the instruction
was that, if plaintiff, by any negligence on his part, contrib-
uted to his own injury, he was not entitled to damages.
Whether he was carrying a can or a walking stick or was
empty handed is wholly immaterial.  It is impossible to con-
ceive of any prejudice to the appellant from this incident.

1. APPEAL AND
ERROR: harm-
less error: in-
structions.

II. In its original charge to the jury, the court instructed,
among other things, that if, in driving into the garage, de-
fendant saw plaintiff in a place of danger, from which it was
evident that he could not escape in time to
avoid injury, then it was defendant's duty ''to
use every means at his command and all the
appliances upon his car'' to stop it and avoid
a collision.  After the jury had been deliberating some time
upon a verdict, the court announced to counsel that it pro-
posed to modify its charge.  The jury was therefore recalled,
and informed by the court that Paragraph 9 of the charge
(being the paragraph above referred to) was withdrawn, and
another was then given in its stead.  The modified instruction
was to the effect that, if defendant saw plaintiff in a place of

2. TRIAL: instruc-
tions: curing
error: with-
drawal of in-
struction.

danger and after so discovering him could, by ordinary care, have stopped his car and avoided the injury, it was his duty to do so. Error is assigned upon the giving of the instruction in its original form.

The exception cannot be sustained. The withdrawing of the original charge and the giving of the correct rule could only serve to emphasize the latter in the minds of the jurors, to the advantage of the defendant. It is certainly the general rule that an erroneous instruction may be withdrawn at any time before a verdict is reached, and the error be thus cured. 38 Cyc. 1787. There may be exceptional occasions where the error is of such grave character that, upon its discovery by the court, a mistrial should be declared because of the uncertainty whether the withdrawal of the instruction and the substitution of a correct one in its place would serve to remove the prejudice; but we are thoroughly persuaded that this is not an instruction of that exceptional character. The question was a simple one, and the statement of the correct rule was made in clear terms which the jury could not fail to understand, and the record discloses nothing in the trial to particularly arouse passion or prejudice in the minds of the jurors or lead them to disregard their duty to give heed to the court's directions.

III. Plaintiff moved for a new trial, assigning, among other grounds, the discovery of new evidence to the effect that, very soon after his alleged injury, plaintiff

**3. NEW TRIAL: newly discovered evidence: competency and effect.**

called upon a physician, who carefully examined him and found no "objective symptoms of an injury to plaintiff's breast". The motion was overruled, and error is assigned thereon.

This testimony, at most, goes not to the plaintiff's right of action, but to the amount of his damages, if any. Moreover, the evidence is of matters learned by the witness in his professional and confidential capacity, and would be excluded upon plaintiff's objection. Still again, the showing of diligence is not of very persuasive character. There was no error in the ruling.

There is nothing shown which can justify us in disturbing the judgment of the trial court, and it is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.