BERNARD L. SWEENEY v. JANE SWEENEY.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 9, 1922.

*Statutes—Word May Be Construed in Other Than Ordinary Sense to Make Statute Effective—Marriage—Annulment for Fraud—Meaning of "Voluntary" As Used in G. L. 3555—Construction to Effect Legislative Purpose—Findings of Court Construed.*

1. Although the word "voluntarily," used in its ordinary sense, means "willingly" or "without compulsion," when it is necessary in order to make a statute effective, it is the duty of the court to construe the word as also implying knowledge.

2. The word "voluntary" as used in G. L. 3555, which provides that a marriage shall not be annulled for fraud, if, before the action "the parties voluntarily cohabited as husband and wife," is not restricted to its ordinary meaning of "willingly" and "without compulsion," but in addition embraces the element of knowledge of essential facts, hence, in an action to annul a marriage for fraud where it appeared that the petitioner after marriage had lived and cohabited with his wife for about five months, without knowledge of the fact that she was pregnant as a result of relations with another man prior to the marriage, and ceased to live and cohabit with her as soon as he learned the fact, petitioner's cohabitation was not "voluntary" in a legal sense.

3. While the general rule is that the words of a statute are to be taken in their ordinary sense, this rule must yield when necessary to effectuate the real purpose of the lawgiver.

4. Where the trial court, after finding that the parties had "voluntarily cohabited and lived together as husband and wife for a period of about five months," made a decree annulling the marriage for fraud, under the provisions of G. L. 3555, the word "voluntarily" was manifestly used in the finding in its ordinary, and not in its statutory, sense.

PETITION for the annulment of a marriage on the ground that petitioner's consent thereto had been obtained by fraud, in that, without petitioner's knowledge, the petitionee at the time of marriage was pregnant by another man. Trial by the court at the June Term, 1922, Bennington County, *Fish,* J., presiding. The court denied petitionee's motion for judgment in her favor, found the fact of fraud as claimed, and annulled the marriage. The petitionee excepted. The opinion states the case. *Affirmed.*

*Henry Chase* for the petitionee.

*Collins M. Graves* for the petitioner.

POWERS, J. This is a proceeding under the statute seeking an annulment of the marriage of the parties on the ground that the petitioner's consent thereto was obtained by the fraud of the petitionee. At the close of the petitioner's evidence, the petitionee moved for judgment on the ground that it unquestionably appeared that before the petition was brought, the parties had voluntarily cohabited as man and wife. This motion was overruled and the petitionee excepted. The court thereupon found the facts and rendered judgment for the petitioner. The petitionee excepted to the judgment.

The only question here relied upon by the petitionee relates to the effect of G. L. 3555, which provides that a marriage shall not be annulled for fraud, if, before action, "the parties voluntarily cohabited as husband and wife."

It appears from the findings that the marriage was performed on February 9, 1920, and that thereafter the parties lived together as husband and wife until sometime in the following July; that at the time of the marriage the petitionee was pregnant by some man other than the petitioner; that this fact was unknown to the petitioner; that, as soon as he became convinced of it, he at once ceased to live with her, and has not cohabited with her since.

[1, 2]   While it is true, as argued by the petitionee, that the word "voluntarily," when used in its ordinary sense, means "willingly" or "without compulsion," it sometimes means more than this. Whenever, to make a statute effective, it is necessary to construe the term as implying knowledge, it is the duty of the

court to so construe it. The statute before us presents this necessity. Cohabitation is such a natural and necessary incident to marriage that the statute authorizing the annulment of a marriage consummated through fraud would be rendered wholly nugatory in most cases if we were to restrict the meaning of the word "voluntarily" in the clause above quoted to its ordinary sense. It cannot be that the Legislature intended that willing cohabitation, alone, should bar proceedings for annulment predicated upon undiscovered fraud. The true meaning of the term as here used embraces the element of knowledge of the essential facts. Without this, the cohabitation is not, in a legal sense, voluntary.

[3] In reaching this conclusion we are not unmindful of the general rule that the words of a statute are to be taken in their ordinary sense. But this rule always gives way when such yielding is necessary to effectuate the real purpose of the lawgiver.

Nor is our construction of the term "voluntarily" unsupported by precedent. That it sometimes means "knowingly" is shown by *Munger* v. *Marshalltown*, 56 Iowa 216, 9 N. W. 192, wherein it was held that, in a certain instruction, the court used the word "voluntarily" in the sense of "knowingly." And in *United States* v. *Morris*, 39 U. S. (14 Pet.) 464, 10 L. ed. 543, it was held that one did not serve "voluntarily" on a slave-trading vessel, unless he knew the business she was engaged in.

Accident policies frequently contain a clause exempting the company from accidents resulting from a "voluntary exposure" to danger; and it is held that such clauses imply that the assured must know of the danger. *Sackett* v. *Masonic Protective Assn.*, 106 Neb. 238, 183 N. W. 101, 17 A. L. R. 188; *Whalen* v. *Peerless Casualty Co.*, 75 N. H. 297, 73 Atl. 642, 139 A. S. R. 695; *De Loy* v. *Travelers' Ins. Co.*, 171 Pa. 1, 32 Atl. 1108, 50 A. S. R. 787; *Archibald* v. *Order of United Commercial Travelers*, 117 Me. 418, 104 Atl. 792.

[4] The petitionee insists, however, that we are bound by the express finding of the court below that prior to the proceedings, the parties "voluntarily cohabited and lived together as husband and wife for a period of about five months." But, manifestly, the court was here using the word "voluntarily" in its ordinary sense, and not in its statutory sense. Otherwise, the

judgment, which as we have seen was for the petitioner, would be in the very teeth of the statute referred to.

Confirmation of our views of what the Legislature intended by the clause in question is found in G. L. 3556, wherein provision is made for the children of a marriage annulled for fraud. For, there could be no children without cohabitation, and (if we accept the petitionee's view) there can be no annulment with cohabitation. In which situation, this section would be wholly useless.

Further confirmation is found in *Barnes* v. *Wyethe,* 28 Vt. 41, where the parties cohabited for a period of three weeks. But the court treated this, on the part of the petitioner, as a result of the imposition; and on the part of the petitionee, as a "part of the attempted villainy"; and granted the petition for annulment.

*Judgment affirmed.*