MERRILL C. GILMORE, Appellee, v. C. F. MOULTON, Defendant, Appellant, GEORGE K. HORTON et al., Defendants, Appellees, EDWARD W. HORTON et al., Interveners, Appellees.

No. 41705.

FEBRUARY 7, 1933.

REHEARING DENIED JUNE 23, 1933.

J. K. Owens, and Roberts & Roberts, for appellant.

Merrill C. Gilmore, for appellees Gilmore and Ottumwa Hotel Co.

Jaques, Tisdale & Jaques, for appellee George K. Horton.

Charles P. Woodbury, for interveners.

ALBERT, J.—It is alleged by the plaintiff that the defendant George K. Horton was the owner of certificate No. 403 covering 29 shares of stock in the Ottumwa Hotel Company; that the same was held by C. F. Moulton as collateral for a debt owing by George K. Horton to the said Moulton; that the plaintiff has an assignment of said certificate No. 403, executed by George K. Horton, and by reason thereof he is now the owner of the said 29 shares of stock and is entitled to a transfer thereof on the books of the defendant, the Ottumwa Hotel Company; that a dispute has arisen between Moulton and Horton as to the ownership of such stock, and plain-

tiff asks that the court decree the amount owing by Horton to Moulton; that plaintiff be decreed to be the owner of said shares of stock; that certificate No. 403 be canceled, and the hotel company be ordered and directed to issue to the plaintiff a certificate for said 29 shares of capital stock, etc.

Horton answered, alleging among other things, that his rights in the stock were transferred to Moulton as security only for a loan made by Moulton to Horton.

Moulton answered separately, alleging, in substance, that he is the owner of the stock in controversy.

A petition of intervention was filed by the four children of George K. Horton, claiming that the money used by their father to purchase said stock was money he held in trust for them, and they asked that the stock be sold and the rights of all parties to the suit be determined.

The case went to trial, and, after the evidence of all parties was submitted, the court found that the four children of George K. Horton were the equitable owners of certificate of stock No. 403; that the interveners, having adopted and ratified said written contract for the purchase given by George K. Horton to the plaintiff herein, dated April 7, 1930, asked that the same be carried out, and its conditions complied with; that said C. F. Moulton has a lien on said 29 shares of stock represented by said certificate in the amount of $366.73; that George K. Horton has no interest in said shares of stock or in said certificate.

The court gave Moulton a lien on the stock for the above- specified amount, and the clerk of the court was directed to turn over to Moulton said amount out of the funds hereinafter required to be deposited by the plaintiff, less the costs of the case, which were taxed to the defendant Moulton. Moulton was required and directed to surrender the certificate of 29 shares of stock to the clerk forthwith, and, on the surrender of said certificate, the clerk was directed to pay him the aforesaid amount of $366.73, less the costs of the case, and the plaintiff was directed to deposit with the clerk the sum of $2,465.

Provision was made as to what should be done if Moulton failed and refused to turn over the certificate, and provision was also made for distributing this fund.

Moulton appealed from this decree, and the appeal was dismissed in this court on December 18, 1931. On December 24, 1931,

the defendant Moulton filed a motion for a new trial in said cause in the district court. The substance of the showing made in the motion was that a few days before the filing of said motion the appellant discovered that in 1920 one Wm. Fall was appointed curator of the aforesaid interveners—the children of George K. Horton—in the probate court of Jackson county, Missouri, and he, as such curator, took possession of the property of the said four children and made numerous annual reports until he finally made settlement with his wards and was discharged from said curatorship in the early part of 1928; that nowhere in said proceedings is there recognized or shown anything to indicate that the father of George K. Horton was a trustee, or had any money at any time belonging to said children. Defendant attached to said motion a copy of all of the files in the aforesaid curatorship.

On the submission of this motion for a new trial, the court overruled the same, and it is from this ruling that Moulton now appeals.

The foregoing history of this case shows that the crux of the whole matter was the very narrow question as to whether Moulton or the plaintiff, through his assignment from Horton, was entitled to this stock. The lower court held, as indicated, that neither Horton nor Moulton was the owner of the stock, and the only interest Moulton had in the stock was as a holder of the same for security, and, upon the payment by the plaintiff of the amount found by the court to be due, the plaintiff was entitled to the stock.

Simply stated, Moulton's testimony was that he was the owner of the stock, and the substance of Horton's testimony was that he had been formerly the owner of the stock and hypothecated it with Moulton for a loan, and that later he (Horton) had assigned all of his interest in the stock to the plaintiff; that the money with which he purchased the stock in the first instance was funds held by him in trust for these four children, and they therefore were the real, equitable owners of said stock, and they joined in asking that the contract between Horton and the plaintiff be carried out.

The question therefore is whether or not the tendered testimony, to wit, the records of the probate court of Jackson county, Missouri, is such a showing as will entitle Moulton to a new trial. The most that Moulton claims from these records is that it is testimony tending to negative the claim of Horton and the interveners that the funds expended by him in the first instance for this stock were funds

held in trust belonging to the interveners, or that the stock was so held in trust by Horton.

Section 11550, Code 1931, provides as follows:

"The former report, verdict, or decision, or some part or portion thereof, shall be vacated and a new trial granted, on the application of the party aggrieved, for the following causes affecting materially the substantial rights of such party: * * *

"7. Newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

We have settled the rule in this state that newly discovered evidence must be of such a character as that it is competent and material to the questions involved. Carlson v. Hall, 124 Iowa 121, 99 N. W. 571; Buchholtz v. Incorporated Town of Radcliffe, 129 Iowa 27, 105 N. W. 336; Long v. Davis, 136 Iowa 734, 114 N. W. 197; Stodgel v. Elder, 172 Iowa 739, 154 N. W. 877.

Appellant insists that the proceedings in the Kansas City court show that George K. Horton and such interveners, by their sworn statements procured the adjudication of that court to the effect that none of said minors had any money at the time, or any interest in any property which could have been used for the purchase of the stock in question.

We have read the complete proceedings in the Kansas City court carefully, and are not able to make the same deductions therefrom as does the appellant. The curator filed in said probate proceedings an inventory, sworn to by him, which reads as follows:

"The following is a full and perfect inventory of all real and personal estate of the said minors so far as the same has come to the possession or knowledge of the undersigned curator of said minors."

It is to be remembered that the testimony of the father was that the money which he invested in this stock was turned over by the mother of said minors in trust for them. We can see nothing in the Kansas City proceedings which would tend to negative this testimony of the father. The inventory filed in said proceedings showed that the only assets accounted for and handled in said curatorship was $6,660.63, received from the estate of Frances E. Bond, deceased, of Kingston, New York, on the 2d day of May, 1921, and

this is all of the property that said curatorship handled belonging to said children. As noted, there was nothing in the proceedings in the Jackson county court which, to our minds, would tend to show that the claim made as to the source of the money from which this stock was originally purchased was not as claimed by Horton and the interveners. The Jackson county proceedings purported only to handle the funds or property of the minors which came into possession or within the knowledge of the curator. The proof of the doings therein would not tend in any way to dispute the existence of this trust as claimed. It is to be remembered that George K. Horton was not the curator for the estate of these children, but apparently an outside and disinterested party occupied such position. Or, to state our conclusion in another way, we do not think there is any inconsistency between the testimony of Horton and the facts shown by the proceedings in the Jackson county probate court. It follows, therefore, as a necessary consequence, that the ruling of the district court in refusing to grant this petition or motion for a new trial was properly ruled.—Affirmed.

KINDIG, C. J., and EVANS, STEVENS, UTTERBACK, and KINTZINGER, JJ., concur.