## AUGUST STONE v. H. J. SIGEL.[1]

April 28, 1933.

No. 29,413.

[1]Reported in 248 N. W. 285.

48

*William E. Tracy,* for appellant.

*S. Bernhard Wennerberg,* for respondent.

*LORING, Justice.*

In an action to recover for personal injuries suffered in a collision between defendant's automobile and a wagon in which plaintiff was riding, plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict or for a new trial. His motion was denied, and judgment was entered for the plaintiff. The defendant brings the case here and assigns as error the denial of his motion for judgment notwithstanding the verdict or a new trial. He contends that the plaintiff was guilty of contributory negligence as a matter of law; that the court erred in refusing to give requested instructions; that the verdict is excessive; and that a new trial should have been granted on the ground of accident and surprise, misconduct, fraud and perjury on the part of the plaintiff, and upon the further ground of newly discovered evidence.

The accident in which the plaintiff was injured occurred on the 17th of October, 1931, at a point on trunk highway No. 1 about a mile and a half south of North Branch. It was a fine, clear day and broad daylight at the time of the collision. The defendant's heavy sedan was being driven northerly and, after passing a string of more slowly moving cars, swung back onto the right side of the pavement and behind the team and loaded wagon which the plaintiff was driving. The driver of defendant's car then attempted to pass the plaintiff, who was driving well toward the right side of the pavement but not upon the shoulder. A car coming from the opposite direction interfered with the plans of the defendant's driver, and, in the process of passing, defendant's car collided with the left rear wheel of the plaintiff's wagon, crushing it and causing

that corner of the wagon to drop abruptly. One of the plaintiff's horses fell, and in consequence of the collision plaintiff was injured.

■ 1 Mason Minn. St. 1927, § 2720-9, provides:

"Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the traveled portion of the highway and shall drive a slow moving vehicle as closely as possible to the right-hand edge or curb of such highway, unless it is impractical to travel on such side of the highway and except when overtaking and passing another vehicle."

It is claimed by the defendant that the evidence shows the plaintiff violated this statute and that consequently he was guilty of contributory negligence as a matter of law. The trial court submitted to the jury the question of whether or not the plaintiff was in violation of the quoted provision. The defendant bases his claim that plaintiff was guilty of contributory negligence as a matter of law largely upon the fact that at the point where the collision occurred there was a five-foot shoulder outside of the pavement upon which it was possible to drive, though there is no contention that that shoulder consisted in any way of the traveled portion of the highway. We are of the opinion that the part of the statute quoted which refers to "slow moving vehicles" should be construed in connection with that part of the section which refers to all drivers of vehicles and requires them to drive upon the right-hand side of the traveled portion of the highway. This obviously refers to all drivers, including those who are operating slow moving vehicles. The tenor of the statute requires all drivers, when practicable, to keep on the right half of the traveled portion of the highway. Slow moving vehicles are required to keep as closely as possible to the right-hand edge of such right half. Under the evidence in this case, the charge of the court in submitting to the jury the question of the plaintiff's compliance with the quoted statute was sufficiently liberal to the defendant. Had the case gone the other way it might have been somewhat difficult for him to have pointed out in the record sufficient evidence to sustain the submission of this question

to the jury, or indeed any question of contributory negligence on the part of the plaintiff.

■ The verdict was for $4,800, and, while this amount was liberal, we do not regard it as excessive for the injuries received. The trial court has approved it, and we are of the opinion that it should stand.

■ Among other injuries which the plaintiff claims to have received in the accident was a bilateral inguinal hernia. On the trial the plaintiff testified that he had not consulted a physician for a considerable length of time. Upon the motion for a new trial on account of accident and surprise, misconduct, fraud and perjury, and newly discovered evidence, the defendant produced, under compulsion of subpoena, a doctor practicing in North Branch whose testimony indicated that the plaintiff had consulted him prior to the accident and that he had found bilateral inguinal hernia. His evidence was subject to the objection that it was privileged, and we think that the trial court was wholly justified in refusing a new trial on account of it. The doctor might testify that he had been consulted, but he could not against objection disclose any information which he obtained at such consultation. In the state of the record there was no evidence that the occasion of the consultation involved anything serious or material to the case at bar.

The judgment appealed from is affirmed.