■ NICHOLAS J. DELAGI, Appellant-Respondent, v. KARIN A. DELAGI, Respondent-Appellant.— In an action in which a judgment was entered on November 19, 1968 dismissing plaintiff husband's complaint for an annulment and granting defendant wife a separation on the grounds of abandonment and nonsupport of herself and the parties' minor child, the appeals are from portions of three orders of the Supreme Court, Westchester County, as follows: Plaintiff appeals from so much of an order entered February 25, 1969 as, in granting his motion for a new trial (limited to defendant's counterclaim for separation and such amended pleadings as would present the issue of alleged adultery of defendant) based on newly discovered evidence, imposed the condition that plaintiff pay $800 due on account of counsel fees to defendant's attorney; and from so much of an order entered May 14, 1969 as, in granting his motion to extend the time to pay $800, limited the extension until 10 days after entry of said order. Defendant cross-appeals from said order entered February 25, 1969, in its entirety, and from a second order entered the same day which denied her motion to suppress certain hospital and medical reports pertaining to her physical condition allegedly obtained in violation of her statutory privilege pursuant to CPLR 4504. Both orders entered February 25, 1969 and order dated May 14, 1969 affirmed insofar as appealed from, without costs. In the early part of November, 1968 (the trial had taken place in September, 1968) plaintiff was informed by an anonymous person that his wife had been treated as a lying-in patient between October 30, 1968 and November 2, 1968 in the St. John's Hospital in Yonkers, New York. Following the receipt of this information, plaintiff allegedly visited the hospital and there learned of his wife's

admittance and of her treatment for an "inevitable abortion". Plaintiff relayed this information to his attorney who communicated by telephone with defendant's physician who allegedly informed him that he had treated defendant for a miscarriage on the afore-mentioned dates. Thereafter, plaintiff's attorney sought to obtain a copy of the hospital records and was informed by the hospital that the records would be released upon the presentation of a duly executed authorization and the tender of the appropriate fee. Plaintiff has never obtained an authorization but his attorney subsequently secured a copy of the records through the medium of a judicial subpoena duces tecum. Armed with this information, plaintiff made his motion for a new trial based on newly discovered evidence that his wife was pregnant by another man at the time she testified at the trial. Defendant opposed the motion, *inter alia*, on the ground that the claimed newly discovered evidence had been obtained in violation of her statutory privilege against disclosure of confidential communications between physician and patient pursuant to CPLR 4504 and additionally brought on her motion to suppress and expunge the records. In addition, her attorney pointed out that no part of the $1,000 counsel fee awarded defendant in the judgment had yet been paid. After considering all the evidence before it, the Special Term granted plaintiff's motion for a new trial but conditioned on the payment of $800 in counsel fees to defendant's attorney and denied defendant's motion to suppress and expunge the records. Plaintiff accordingly paid the required counsel fee, as stated in his brief as appellant, "to preserve his right to a new trial." We do not see any merit to plaintiff's appeal. It is significant that he does not allege that the award of counsel fees was excessive. Under section 237 of the Domestic Relations Law the court is empowered to award counsel fees at any time up to and including final judgment in any action brought, *inter alia*, to annul a marriage. Plaintiff's action for annulment has been defeated on the merits and his new trial has been limited solely to his wife's cause of action for separation and any additional cause of action for absolute divorce that plaintiff may see fit to interpose. Accordingly, defendant was entitled to the award and, in the absence of an allegation of excessiveness, we do not think Special Term abused its discretion in conditioning the granting of the new trial upon the payment of four fifths of the counsel fee which had previously been awarded. Defendant was compelled to defend a cause of action which was ultimately dismissed for failure of proof and which has been expressly excluded from the retrial. The discretion to award a new trial "upon such terms as may be just" pursuant to CPLR 5015 (subd. [a]) is broad enough to encompass the condition imposed. Defendant's appeals present much closer questions of law. Although there apparently has never been an authoritative appellate ruling in this State, the general rule undoubtedly is that a new trial will not be granted on the basis of evidence which would be inadmissible if objected to upon such new trial (39 Am. Jur., New Trial, § 164; cf. *Stodgel* v. *Elder*, 172 Iowa 739; *Stone* v. *Sigel*, 189 Minn. 47; *McUne* v. *Fuqua*, 42 Wn. [2d] 65; *Pass* v. *Pass*, 208 A. 2d 753 [Conn.]). This rule finds support in all the other jurisdictions which have considered the question when confronted with a motion for a new trial based upon allegedly inadmissible evidence (see, e.g., *Holman* v. *Herscher*, 16 S. W. 984 [Tex.] [attorney-client privilege]; *Hattaway* v. *Dickens*, 163 Ga. 755; *Jacobson* v. *Forster*, 138 Neb. 452; *Langley* v. *Woolworth Co.*, 46 R. I. 394 [hearsay]; *Huffine* v. *Lincoln*, 53 Mont. 474 [offer of compromise]; *Fernandez* v. *Security-First Nat. Bank*, 206 Cal. App. 2d 676 [polygraph evidence]); and the rule seems to be recognized in this State as well, although authority is sparse (*Baily* v. *Hornthal*, 1 App. Div. 44; *Whipple* v. *Dunn*, 130 N. Y. S. 224; *Matter of Steigerwald*, 2 Misc 2d 389). However, in none of these cases did the evidence tend so dramatically to indicate that

the original judgment was erroneous when entered; and this, in our opinion, is the determinative consideration. "Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end" (*Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 632; see, also, *Frohlich* v. *Zeltzer*, 185 App. Div. 103, 110). The inherent power of the court to relieve a party from the operation of a judgment in the interests of substantial justice has been continually recognized in this State over the past hundred years (*Platt* v. *Munroe*, 34 Barb. 291; *Barrett* v. *Third Ave. R. R. Co.*, *supra*; *City of Utica* v. *Gold Medal Packing Corp.*, 55 Misc 2d 182) and the provisions of the CPLR were not intended in any way to limit this power (Practice Commentary [Siegel] on CPLR 5015 in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3401–5100, p. 580). "In all these cases, rules and precedents are of little value as guides to the exercise of judicial discretion. * * * exceptional cases continually arise in which the development of truth and the promotion of substantial justice will furnish sufficient ground for granting new trials, although they do not come within any former precedent, and consequently not within the operation of any principle or rule established for the guidance of the court, in the exercise of its discretion" (Baylies, New Trials & Appeals [3d ed.], p. 834). Therefore, assuming, without deciding, that the matter in question was privileged, we conceive that "To uphold the privilege would allow a party to use it as a sword rather than a shield" (*Koump* v. *Smith*, 25 N Y 2d 287, 294). We do not hold that in all circumstances courts must consider every variety of inadmissible evidence in determining whether to grant new trials. We hold merely that where, as here, a motion for a new trial is based upon newly discovered evidence which might be inadmissible if offered upon the trial because allegedly violative of the statutory privilege contained in CPLR 4504, but such evidence clearly indicates that the determination in the case was erroneous, unjust and oppressive when made, the court may, in the exercise of its discretion, consider such evidence solely for the purposes of the motion. We wish to re-emphasize that we are not reaching or deciding the question of the admissability of the subject evidence and are reserving that question for the trial court. Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.