■ WILLIAM L. CHALFIN, Respondent, v CONSTANCE LANIADO, Individually and as Executrix of CLARA CHALFIN, Deceased, Appellant.—In an action, *inter alia,* to recover shares of stock from the decedent's estate, the defendant executrix appeals from (1) a judgment of the Supreme Court, Kings County, entered October 13, 1977, which was in the plaintiff's favor, after a jury trial and (2) an order of the same court dated January 11, 1978, which denied her motion to set aside the judgment. Judgment and order reversed, on the law and as a matter of discretion, motion granted and new trial granted, with costs to abide the event. The plaintiff is seeking to recover two shares of stock issued to him by Chalfin Machine Products, Inc., in 1943. At the time the plaintiff's mother died in 1975 the stock certificate for these shares contained a purported indorsement by the plaintiff to his mother. Plaintiff alleges the indorsement is fraudulent and is seeking to recover the certificate from his sister, the executrix of his mother's estate. Prior to trial the sister found an unsigned copy of a 1946 deposition of the plaintiff in which he denied owning any stock in Chalfin Machine Products, Inc. Although the testimony in the deposition had been given under oath the unsigned copy was not admissible in light of the plaintiff's denial of its contents. Pretrial efforts to locate the attorney who took the deposition in 1946 were unavailing. He could not be found at either his home or office address and was not listed in any telephone directory in the greater New York City area. Several weeks after the trial, however, the witness' name was found in a Florida telephone directory. After verifying that this was the same person who took plaintiff's deposition, defendant promptly moved for a new trial on the ground of newly discovered evidence. Plaintiff's statements

at the 1946 deposition directly contradict his position at trial. As such, they constitute admissions and are probative of the facts admitted (see Richardson, Evidence [Prince 10th ed] §§ 209, 210). The interests of justice require a new trial at which time the attorney who took the deposition in 1946 may be called as a witness, making it possible for the jury to hear all of the relevant proof (see *Delagi v Delagi,* 34 AD2d 1005). Hopkins, J. P., Damiani, Gulotta and Shapiro, JJ., concur.