■ EDITH ABRAMS et al., Appellants-Respondents, v ROBERT J. SHENKMAN et al., Respondents-Appellants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.) entered December 31, 1990, which denied plaintiffs' motion pursuant to CPLR 5015 (a) (1) and (3) to vacate a prior judgment of dismissal and denied defendants' cross-motion for sanctions, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting plaintiffs' motion, reinstating the complaint and remanding the matter for further proceedings, and the order is otherwise affirmed, without costs.

Defendant 673 First Avenue Associates is a New York limited partnership formed for purposes of developing and operating a Manhattan office tower. In lieu of any profit override or carry interest for the general partners, the limited partnership agreement provided general partners could retain themselves and firms with which they were associated, and could perform management or legal services for the limited partnership so long as such management fees did not exceed the minimum rate recommended by the Real Estate Board of New York. Further, the general partners could receive reasonable compensation out of the net profits of the limited partnership, as fixed by a majority of partnership interests. Over the first twenty-three years of limited partnership, the general partners made no request for a separate "reasonable" compensation under this latter provision. In a report dated June 16, 1986, the general partners submitted a new plan for the future management of the building and requested such special compensation. Under the proposal, a new management company formed, by *inter alia,* two of the general partners would manage the property; two other general partners would receive $37,500 each for services previously performed; the general partners would receive 4% of the proceeds received by

the limited partnership upon any refinancing of the property; and if the limited partners received a 15% return on their original investments in any year, the general partners collectively would receive 4% of partnership revenues of that year. The proposal was adopted by a vote of a majority in interest of all the partners.

Plaintiffs brought this derivative action challenging payments under this compensation plan as constituting breach of fiduciary duty, self dealing and waste. By order and judgment entered June 17, 1987, Justice McCooe granted defendants' motion for summary judgment dismissal of the complaint, prior to discovery, finding that the vote of a majority in interest of all partners in favor of the compensation plan was valid and binding under the limited partnership agreement. *(Gelder Med. Group v Webber,* 41 NY2d 680.)

In 1989, plaintiffs brought a second derivative action challenging the payment of $5,000,000 in commissions to certain general partners in connection with a net lease of the property for a term of at least 49 years. In connection with discovery in that action, defendants general partners disclosed for the first time a written management agreement dated as of October 1, 1985 and executed in March 1986, which provided the then newly created management company would receive four types of compensation from the limited partnership. In addition to management fees and lease commissions, the management company was also entitled to receive commissions from the sale and other dispositions of the property at prevailing rates and refinancing commissions at the rate of 2% of the first $1 million of refinancing proceeds and 1% of any excess.

Based upon the management agreement, undisclosed by the general partners at the time of the 1986 vote upon the compensation plan and throughout the short lived first derivative action, plaintiffs moved to vacate the judgment of dismissal on grounds of newly discovered evidence and fraud. Supreme Court denied the motion, finding that plaintiffs had not acted with due diligence in attempting to obtain a copy of the written management agreement prior to the initial summary judgment dismissal motion as, although they had never been told there was such a writing, they could easily have inquired whether such a writing existed.

In the circumstances of this case, plaintiffs' application to be relieved from the operation of the judgment of dismissal should have been granted in the interest of substantial justice and should not have been denied by a mechanical application

of the due diligence principle *(see, Delagi v Delagi,* 34 AD2d 1005). It was defendants general partners who, in the first instance, bore a fiduciary obligation to "lay bare the truth, without ambiguity or reservation, in all its stark significance" to the limited partners, prior to the vote on the 1986 compensation plan *(Wendt v Fischer,* 243 NY 439, 443; *TPL Assocs. v Helmsley-Spear, Inc.,* 146 AD2d 468). As the Supreme Court implied, summary judgment dismissal of this action prior to discovery would likely have been denied had plaintiffs presented the theory now urged, that the 1986 vote was tainted by fraud. Plaintiffs' failure to present that theory on the initial motion provides no basis for denial of this CPLR 5015 (a) motion, where that failure is directly attributable to the fiduciary defendants' own prior non-disclosure. Concur—Sullivan, J. P., Milonas, Wallach and Ross, JJ.